*Reversed and remanded.*

Opinion delivered November 2, 1887.

---

No. 2469.

DAN WEBB v. THE STATE.

1. ADULTERY—EVIDENCE.—It is essential to the validity of a conviction for adultery that the evidence show affirmatively that one of the parties to the adulterous acts was married and had, at the time of the alleged adultery, a spouse other than the party with whom the adultery was charged.

2. SAME.—The mere opinion of witnesses that a certain woman was the wife of the male charged with the adultery is not sufficient to establish the fact of marriage.

3. SAME—MARRIAGE.—An *actual living together*, as man and wife, of emancipated slaves, at the time when the Constitution of 1869 took effect, would constitute a legal marriage between said parties. But note that the evidence in this case fails to establish such a living together of the accused male and his alleged wife, or that they were emancipated slaves when said Constitution took effect; wherefore the evidence is insufficient to prove the legal marriage of the accused, and therefore insufficient to support a conviction for adultery.

APPEAL from the County Court of Upshur. Tried below before the Hon. John W. Hackler, County Judge.

Appellant and Hannah Staines were jointly indicted for adultery. The appellant being alone upon trial was convicted, and his punishment was assessed at a fine of one hundred dollars.

W. H. Hart was the first witness for the State. He testified, in substance, that he had known the defendant about fifte

years. He knew Hannah and Ann Staines. The said Hannah and Ann Staines and the defendant lived together in a house on the witness's plantation during the year 1885. The two Staines women had several children each, all of which called the defendant "father." The defendant once told the witness that he did not deny any of the said children. The Staines women and defendant have lived together about eight years. The house they occupied had two rooms. The witness had never seen the defendant and Hannah Staines in the same bed together. Defendant and the said Hannah moved from the witness's plantation in 1885, to a house about a mile and a half distant, where they continued to live together. The defendant has a living wife named Clarissa Webb, who lives about a mile and a half west from witness's place. Defendant worked for the witness after he moved from the plantation, and always came to work from the direction of the house occupied by him and the said Hannah. After working hours he always went back towards the house they occupied.

Hance Mirable testified, for the State, that he knew the defendant and Hannah Staines in 1885, and for several years prior thereto. During the said year 1885, defendant and Hannah lived together in a house on Mr. Hart's plantation. The witness often saw the defendant and Hannah together, both in the day time and in the night. Defendant had in 1885, and still has, a living wife, with whom, the witness had heard, he lived during the war.

Cash Hart, the son of the first witness, testified, for the State, that he knew the defendant in the year 1885, when he and Hannah and Ann Staines lived together in a house on the plantation of the witness's father. He did not know where the defendant or the Staines women slept. He had never heard defendant say that he was the father of any of the children born to Hannah or Ann Staines.

D. L. Neel testified, for the State, that he had known the defendant about twenty-five years. Defendant has a living wife, named Clarissa Webb, with whom he lived during the war. He separated from the said Clarissa some time after the war, and took up with Hannah Staines

The motion for new trial raised the questions discussed in the opinion.

No brief for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

WILLSON, JUDGE. To sustain a conviction for the offense of adultery, it is absolutely essential that the evidence should prove that at the time of the alleged adulterous intercourse, one of the parties thereto was lawfully married to some other person than the one with whom the adultery is charged.

In this case the defendant is the party who, it is alleged, was the married party. The only evidence that he was married is that he, at the time of the alleged adulterous acts, had a living wife, a woman with whom he had lived during the war, but from whom he had separated some time since the war, but at what date is not shown. There is not a particle of evidence that he ever *married* said woman, nor is there any evidence that they ever lived together as married persons. The witnesses say she was his *wife,* but none of them say he was married to her, or that he lived with her as married persons. His marriage with her was not proved by any of the modes prescribed by the statute. (Penal Code, art. 334.)

We do not think that the evidence sufficiently establishes that the defendant was married to another person. The mere opinion of witnesses that a woman was his wife can not be regarded as sufficient or even competent evidence to establish the important fact that he was married to another person. If the defendant and the woman named as his wife were emancipated slaves, they became lawfully married to each other at the date when the Constitution of 1869 took effect, if they were then living together as husband and wife; but, if not so living together at that date, their former *status,* whatever it might have been, would not make them married persons within the meaning of the law. (Stewart v. The State, 7 Texas Ct. App., 326.) There is nothing in the record before us to show that the parties were emancipated slaves, and were living together as married persons at the date of the adoption of the Constitution of 1869. The facts of the case, therefore, do not bring it within the purview of such a marriage.

Because, in our opinion, the evidence is insufficient to prove that the defendant was lawfully married to some other person than his co-defendant, at the time of the alleged adulterous acts, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*