### A. BICKHAM v. THE STATE.

No. 3710.   Decided March 13, 1907.

**1.—Aggravated Assault—Former Conviction—Parties.**

Upon trial of an aggravated assault, there was no error in striking out defendant's plea of former conviction, the record showing different transactions involving different parties and different offenses.

**2.—Same—Jury Law—Jury Commission—County Judge.**

Where upon trial for aggravated assault, the record showed that the jurors were not chosen by the jury commissioners, and that the county judge intentionally instructed said commissioners not to select a jury for the week during which the defendant was being tried, motion to quash the venire summoned by the sheriff should have been sustained. Following, White v. State, 45 Texas Crim. Rep., 597.

Appeal from the County Court of Dallas.   Tried below before the Hon. Hiram F. Lively.

Appeal from a conviction of aggravated assault; penalty, a fine of $25.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of aggravated assault, and his punishment assessed at a fine of $25.

Appellant filed a plea of former conviction in this case, setting up the fact that he had been tried in the corporation court of the City of Dallas of an affray by fighting together with E. Gilbert in a public place. This plea was stricken out, at the instance of the county attorney, by the court. In this there was no error. In the first place, the transaction in this case is against appellant for an aggravated assault upon Mrs. Gilbert. The conviction for an affray was upon E. Gilbert in the Mayor's court. They are not the same parties, hence the plea in bar is not good. This case was tried before the Hon. W. M. Holland, Special Judge, the regular judge of the county court not being present but absent in Colorado. It appears, from the record before us, that when the case was called for trial appellant moved the court to quash the venire summoned by the sheriff on that day to try this cause, for the following reasons, to wit:   Because said jurors were not chosen and selected by the jury commission of Dallas County, Texas, as required by law, but that Hiram F. Lively, Judge of the county court of Dallas County, intentionally instructed said jury commission

not to select a jury for the first week or first two weeks after this term of the county court, this week being the second week of said term, said judge stating that he was not going to try any criminal cases during said two weeks of this term of court, appellant insisting that he had a right to a trial by a jury chosen and selected as prescribed by law. Under the facts above detailed we think appellant's motion is well taken, and the jury, therefore, selected by the county judge was not in compliance with the statute. The statute authorizes the selection of talesmen where through inadvertence or accident a jury commission has not selected jurors for the term, or for the time that appellant's case is called for trial, but in this case the record shows that appellant's case was called at a time when the county judge had refused to permit a jury to be selected by the jury commission. This being true, it was reversible error to force appellant to trial by a jury selected as the one was selected in this case. For a discussion of the question, see White v. State, 45 Texas Crim. Rep., 597.

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*