### CHARLIE IRVIN v. THE STATE.

#### No. 212. Decided December 1, 1909.

**Local Option—Jury and Jury Law—Jury Commissioners.**

Where, upon trial of a violation of the local option law, it appeared, on a motion to quash the array of jurors, that they had not been selected by jury commissioners, but were selected and summoned by the sheriff, and it further appeared that the County Court had failed and refused to appoint jury commissioners to select jurors, there was reversible error. Following White v. State, 45 Texas Crim. Rep., 597, and other cases.

Appeal from the County Court of Young. Tried below before the Hon. E. W. Fry.

Appeal from a conviction of violation of a local option law; penalty, a fine of $50 and sixty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of violating the local option law and his punishment assessed at a fine of $50 and imprisonment in the county jail for sixty days.

When the case was called for trial appellant moved to quash the array of jurors because they had not been selected by jury commissioners. The bill of exceptions showing this matter is about as follows: That the array or panel of jurors for the term were not chosen by the jury commissioners, but were selected and summoned by the sheriff of Young County. The trial was had the first week of the court, and the court had failed and refused to appoint jury commissioners to select jurors for the week, but had had them summoned by the sheriff, and that this matter had been going on for a long time. That it was the custom and practice of the County Court of Young County to refuse and neglect to appoint a jury commission to select jurors, and no jury commissioners had been appointed for many terms. In support of this the bill of exceptions shows that appellant introduced evidence showing that no jury commissioners had been appointed to select jurors for this term, and that the panel had been selected and summoned by the sheriff, and no jury had been selected for the previous January term, the present being the April term, and none had been selected for the previous October term, nor for the previous July term, nor for terms of the preceding year, and that it had been long the custom not to appoint a jury commission for the County Court of Young County. The county clerk testified that this custom has obtained for several terms, that the practice was and has been founded on economical reasons, that money had been saved to the county by this practice of omitting to appoint a jury commission and thus select juries in the county. This motion should have been sustained. We deem it unnecessary to review this question further than has been done in the previous decisions of this court, in which this character of practice was condemned as being violative of the law. White v. State, 45 Texas Crim. Rep., 597; Richardson v. State, 46 Texas Crim. Rep., 83; Ray v. State, 46 Texas Crim. Rep., 176.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*