SILAS WOOLEN v. THE STATE.

No. 2042. Decided November 13, 1912.

**1.—Local Option—Jury and Jury Law—Jury Commissioners—Indictment.**

Where, upon trial of a violation of the local option law, the grand jury which returned the indictment was drawn for the March term 1912, which was the second term after the appointment of the jury commissioners who drew the grand jurors, the indictment is void.

**2.—Same—Jury Commissioners—Statutes Construed.**

The intentional disregard of the statutes by the district judge, requiring him to appoint jury commissioners to select grand jurors for each term of the court, is a violation of law, and the indictment found by the second grand jury summoned for the second term of court following their appointment is void.

**3.—Same—Jury and Jury Law—Constitutional and Statutory Law.**

The intentional disregard of the district judge of the statute, requiring him to appoint jury commissioners at each term of the court to select juries for the next term of court is a violation of constitutional and statutory law; and the question is not one of expediency for the courts to determine.

**4.—Same—Unintentional Oversight—Accident—Rule Stated.**

Cases have arisen and will arise where, upon some unintentional matter or oversight, or accident on the part of the court or jury commissioners, or through instrumentalities of courts, a grand or petit jury, either or both have not been selected, and in such cases the court may be authorized to instruct the sheriff to summon the necessary jurors; but the trial judge can not intentionally ignore the statutes for appointing jury commissioners, etc.

Appeal from the District Court of Harrison. Tried below before the Hon. H. T. Lyttleton.

Appeal from a conviction of a violation of the local option law; penalty, one year confinement in the penitentiary.

The opinion states the case.

*M. B. Parchman* and *M. P. McGee,* for appellant.—On the question of requiring the court to select jurors for each term of the court: White v. State, 45 Texas Crim. Rep., 597; Bickham v. State, 51 Texas Crim. Rep., 150, 101 S. W. Rep., 210; Irvin v. State, 57 Texas Crim. Rep., 331, 123 S. W. Rep., 127.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant moved to quash the indictment because it was found and returned by a grand jury which had been drawn by jury commissioners who were appointed by the court at the November term, 1911, to draw three grand juries for three separate terms of court, that is, the three terms following their appointment. The grand jury which returned this bill was drawn for the March term, 1912, which was the second term after the appointment of the jury commissioners who drew them. Motion was also made based upon the same ground to set aside the venire of jurors in attendance upon the court at that time, and out of which the jury was selected that returned the verdict in this case. Harrison County by an Act of the Thirty-Second Legislature was created a separate judicial district and a district judge qualified himself as the judge of that court. The court it seems convened in November, and on the 11th of December the judge appointed the jury commissioners with instructions to them, and they obeyed the instructions, to select a grand and petit juries for the January, March and May terms of 1912. It seems by the Act of the Thirty-Second Legislature the District Court of Harrison County shall hold six terms a year. While Harrison County was in another judicial district, from which it was segregated by this Act of the Legislature, it only held two terms a year.

The district judge, Hon. H. T. Lyttleton, testified "that heretofore there were two terms of this court each year, and jury commissioners were appointed each term to draw juries for the next term of court; since the Act of the Legislature, creating a separate judicial district for this county was passed, we have had six terms per year instead of two as formerly, inasmuch as the juries had always been drawn for six months services, and as it would be more expedient and less expensive to continue that practice in this court and as the statutes governing herein is considered directory only, I decided that it would be proper to have a jury commission appointed in June and December in each year to draw the jurors for the three terms of court." The clerk of the court, Mr. Curtis, testified 'That there were no jury

commissioners appointed by the court at the January term, 1912, but the jury commissioners appointed at the November term, 1912, drew the three separate grand juries as follows: A grand jury for the January term, 1912, another grand jury for the March term, 1912, and a third grand jury for the May term, 1912. The order of the court appointing the jury commissioners is entered on the criminal minutes of the District Court in the following language: 'The court appointed Bennett Cullin, John Pope, and A. A. Hargrove as jury commissioners to draw juries for the January, March and May terms of this honorable court, and administered to each of them the oath required by law and instructed them as to their duties as such commissioners.' " This seems to be the undisputed and unquestioned evidence in regard to the appointment of the jury commissioners, and the drawing of both the grand and petit juries for the January, March and May terms, 1912.

Appellant submits the proposition, first, that the intentional disregard by the district judge of the statutes requiring him to appoint jury commissioners to select grand jurors for each term of the court is a violation of law, and indictments found by the second grand jury summoned for the second term of court following their appointment are void. As the second proposition, he relied upon the following: The intentional disregard of the district judge of the statutes requiring him to appoint jury commissioners at each term of court to select juries for the next term of court is a violation of the right of trial by jury, as guaranteed by the Bill of Rights. In support of this he cites article 384 of the Revised Code of Criminal Procedure; article 5122, Revised Civil Statutes; White v. State, 45 Texas Crim. Rep., 597; Bickham v. State, 51 Texas Crim. Rep., 150, 101 S. W. Rep., 210; Irvin v. State, 57 Texas Crim. Rep., 331, 123 S. W. Rep., 127. The Revised Civil Statutes cited, article 5122, is article 3145 of the Revised Statutes of 1895, and reads as follows: "The District Court of each county shall, at each term thereof, appoint three persons to perform the duties of jury commissioners for said court, who shall possess the following qualifications: "It is unnecessary to set out those qualifications. Article 3146 provides: "The same person shall not act as jury commissioner more than once in the same year." The Revised Code of Criminal Procedure thus reads: "The district judge shall at each term of the District Court appoint three persons to perform the duties of jury commissioners, who shall possess the following qualifications: "Etc. Article 389 of said Code reads as follows: "The jury commissioners shall select from the citizens of the different portions of the county sixteen persons to be summoned as grand jurors for the next term of the District Court." The Constitution, article 16, section 19, provides, in substance, that the Legislature shall prescribe by law the qualifications of grand and petit jurors. Nowhere in the Constitution nor in the statutes is it provided that the judiciary shall wilfully or intentionally violate the Acts of the Legislature, or

set at naught the provisions in regard to juries, and the manner of selecting and impaneling juries. The manner of selecting grand and petit juries is left entirely to the legislative department, and article 1, section 2 of the Constitution provides that neither of the three departments shall ever invade the province and duties of the other. This matter has been before the court in a number of cases and on various occasions. In White's case, supra, the court said:

"The enabling statute with reference to the selection of juries by the sheriff, deputies and constable, where from any cause, the jury commissioners have failed to select jurors or even where from any cause the court failed to appoint jury commissioners, must evidently refer to some accidental oversight or omission of this duty; and not to some intentional disregard of the statute even though this disregard may be based on the desire of the judge to save some expense to the county. Or even though he might believe his methods of selecting juries would be a better method.

"The right of trial by jury stands upon a higher plane than expediency, and fair trial by jury means a jury selected according to the law regulating their selection and impanelment. We therefore hold that appellant was denied by the intentional act of the judge of the right of trial by a legal jury."

Wherever the Legislature has provided the method and means by which a jury may or must be selected, the judiciary is not authorized, because of some idea they may entertain of expediency or saving of cost or expense, to abrogate and set aside the plain provisions of statutory enactment. Cases have arisen and will arise where, upon some unintentional matter or oversight, or accident on the part of the court or jury commissioners, or through instrumentalities of courts, a grand or petit jury, either or both, have not been selected. In such case the court may be authorized to instruct the sheriff as provided by statute to summon the necessary jurors that his court may be able to try and dispose of the business before it where juries, either grand or petit, are requisite. Courts have not been in error under those circumstances in providing jurors, grand and petit, but in the instant case the judge because he believed he had discovered a more expedient way and might save the county some cost and expense and the statute being only directory, he set at naught the provisions of the statute, and did it intentionally and purposely. In other words, the court intentionally violated the statute because he doubted the wisdom of the Legislature, and, therefore, substituted his own ideas of selecting juries in derogation and open violation of the statutory method. Whether it would save cost or not it is unnecessary to discuss or investigate. The courts are not authorized to invade the legislative department and authority because in the opinion of the court legislation was neither wise, expedient, or too costly. By the terms of the Constitution the Legislature provides these matters, and whether they be expedient or not, wise or not, would not justify the courts in setting aside such

legislation and substituting such ideas of the court for the legislative act. Again the grand jury does not sit for six months or from one term to another. That body can only sit for one term and ceases at end of term.

We, therefore, hold that the court was without authority to have the juries, grand and petit, selected at the November term, 1911, for· the first three terms of 1912, and as the indictment herein was returned at the March or second term, that the grand jury was an illegal one, and for the same reason the petit jurors would be in the same category. We are of opinion, therefore, the court should have sustained the motion to quash the indictment. It was returned by a body of men who were not selected as the law requires in any manner, either by jury commissioners or by the sheriff under appointment of the court.

The judgment will be reversed and the prosecution ordered dismissed.

*Dismissed.*