### Caz Donegan v. The State.

No. 5985.   Decided December 1, 1920.

Rehearing Granted April 20, 1921.

1.—Receiving Stolen Property—Final Judgment—Practice on Appeal.

In the absence of a final judgment in the record on appeal, the appeal must be dismissed; besides, the notice of appeal was defective; however, the record having been corrected, the appeal is reinstated.

2.—Same—Jury and Jury Law—Jury Commissioners—Rehearing—Oath Necessary.

Where, upon appeal from a conviction of receiving stolen property under the value of $50, it appeared from the record that the jury commissioners, who selected the jury in the county court, were not sworn by the County Judge, to draw the jury for the term for which the defendant was tried, the judgment must be reversed and the cause remanded; however, the fact that the County Judge and the District Judge appointed the same men as jury commissioners for their respective courts, was no cause for reversal; following White v. State, 45 Texas Crim. Rep., 598.

3.—Same—Rule Stated—Trial by Jury—Jury and Jury Law.

The right of trial by jury stands upon a higher plane than expediency, and fair trial by jury means a jury selected according to the law, regulating their selection and empannelment, and where in the instant case the jury was not selected by a properly appointed jury commissioner, the same is reversible error. Following Irvin v. State, 57 Texas Crim. Rep., 331, and other cases.

Appeal from the County Court of Nacogdoches. Tried below before the Honorable J. F. Perritts.

Appeal from a conviction of receiving stolen property; penalty, a fine of $25.00.

The opinion states the case.

*S. M. Adams,* for appellant.—Cited cases in opinion.

89 Tex.—13

*Alvin M. Owsley,* Assistant Attorney General, for the State.—On question of Jury commissioners.

LATTIMORE, Judge.—Appellant was convicted of the offense of receiving stolen property of less than the value of fifty dollars, in the County Court of Nacogdoches County, and the jury assessed his punishment at a fine of $25, and twenty-four hours imprisonment in the county jail.

Our Assistant Attorney General has moved to dismiss this appeal because there appears in the record no final judgment. An examination of the record discloses that the motion must be sustained, as there appears nothing in the record save and except the verdict of the jury. It is required by our Code of Criminal Procedure, that no appeal can be considered until a final judgment has been rendered in the court below. The requisites for a final judgment in a misdemeanor case in the court below, will be found in Articles 867 and 868, of our Code of Criminal Procedure. For the want of a final judgment, this appeal must be dismissed.

We also call attention to the further defect, in the matter of giving notice of appeal to this Court, it appearing in the order of the court overruling appellant's motion for a new trial, that instead of giving a notice of appeal to the Court of Criminal Appeals, said order recites that appellant "gave notice . . . to the Court of Criminal Appeals of the State of Texas." It would appear that the giving notice to this Court would hardly be tantamount to the necessary requisite of giving a notice of appeal.

The appeal will be dismissed.

*Dismissed.*

ON REHEARING.

February 9, 1921.

LATTIMORE, Judge.—The record having been corrected in the matters causing dismissal, upon motion this case is reinstated and considered on its merits. But one question is presented on appeal. It is made to appear that for many years no jury cases had been tried in Nacogdoches County at the April term of the County Court for the reason, as stated, that it was an agricultural county and to cause the jurors to leave their farms at that season would entail much loss. It is further shown that at its March 1920 sitting, the grand jury of said county returned a number of bills, and that being desirous of trying said persons so indicted, the county attorney asked the county judge to appoint jury commissioners to draw a jury for the April term, 1920, of said County Court. Learning that the jury commissioners for the District Court would meet on March 22, said county judge seems to have either named them as commissioners, or else to have requested

them to act, in drawing a jury for said April term of the County Court. This was done and to the panel of jurors so presented appellant addressed a motion to quash stating therein that the county judge, "asked the district judge to let him appoint the same jury commissioners to draw a County Court jury for the April term of the county court, Nacogdoches County." It is held in Columbo v. State, 65 Texas Crim. Rep., 608, 145 S. W. Rep., 910, that the discretion of the county judge in selecting jury commissioners is not subject to review by an appellate court. In the absence of some statutory forbiddance we know no reason why a county judge may not appoint the same men as commissioners to draw juries for the County Court, who may be acting as District Court jury commissioners. The oath prescribed by statute for both sets of commissioners is the same, and said oath may be administered to both by the judge of either court or any other proper officer. The procedure in selecting jurors is the same and the object of having the jurors drawn by commissioners is the same in each court, to-wit to secure a fair and impartial jury. In the absence of any showing that the commissioners were not sworn to draw a jury for the County Court, we will presume that such was the case. Our presumption is always in favor of the regularity of official acts in the absence of a showing to the contrary. In the White case, 45 Texas Crim. Rep., 597, this court reversed because it was made to appear that the county judge intentionally omitted the appointing of any jury commissioners with the purpose of having the jurors selected and summoned by the officers; and the motion to quash the panel vigorously attacked this procedure for the reason that said officers were interested in that their fees were dependent upon conviction. In the instant case no such intention on the part of the county judge appears, but on the contrary the manifest purpose of said judge was to give to parties appearing before his court at the April term, trials before a jury drawn by commissioners who had taken the statutory oath. No complaint is here made of the fairness of the instant trial or of any partiality or prejudice of the jury. The trial court might under the circumstances have directed the sheriff to summon jurors without their being drawn.

We think the matters stated in appellant's motion did not demand that the panel be quashed, and that it is not here disclosed that the method of selecting this jury was such as would require a reversal of this case, and the judgment of the trial court will be affirmed.

*Affirmed.*

ON REHEARING.

April 20, 1921.

HAWKINS, JUDGE.—The appellant in this case was convicted in the County Court of Nacogdoches County of unlawfully receiving certain

property which had theretofore been stolen, and his punishment assessed at a fine of $25 and twenty-four hours in jail.

The case was affirmed at a former day of this term and is now before us on motion for rehearing. No brief was filed by appellant upon the original submission of this case, and for that reason perhaps the exact point presented by his bill of exceptions was not pertinently called to the attention of the court.

Only one question for review is presented by the record and that is appellant's contention that the jury which tried him was not properly drawn, and, therefore, was an illegal jury. It appears in appellant's motion to quash the jury panel the statement quoted in the former opinion that the county judge "asked the district judge to let him appoint the same jury commissioners to draw the County Court jury for the April Term of the county court;" but the bill of exceptions goes further, and is to this effect: "And upon the hearing and consideration of said motion it was admitted by the State that the said jury as present, was drawn on the 22nd day of March, 1920, and not at the January term, 1920, nor any previous term of the County Court, but after adjournment of the County Court at the January term, 1920, and after the 15th day of March, 1920, when the grand jury had returned this bill with many others for like offenses; the county attorney being desirous of trying this case with others at the April term asked the county judge to appoint jury commissioners to draw a jury for the April term of the County Court, and the county judge being informed that the District Court would assemble a jury commission on the 22nd day of March, 1920, *asked said District Court jury commission* to draw the panel for the second week of the April term of the County Court, which is now the panel presented to the defendant; that said jury commission for the District Court *was not sworn by the county judge,* but was in truth and fact sworn by the district judge as is required by law *to draw a jury for the September term of the District Court* of Nacogdoches County, Texas; that the failure to appoint a jury commission at the January term of the County Court, 1920, was not accidentally overlooked, but was intentionally not drawn, as a custom has prevailed in this county for years that there is no April term of the County Court for the trial of jury cases, as this is an agricultural section and at this time when it is farming time it is a great hardship on the farmers to take them out of their crops."

We gather from the bill of exceptions as presented, that the jury commissioners, while they may have been selected by the county judge, and requested by him to draw the jury by which appellant was tried, yet it does not appear from the bill of exceptions that they were ever in fact sworn by anybody to draw the jurors for the county court. The bill states positively that they were not sworn by the county judge, but they were sworn by the district judge to draw the jurors for the District Court. From that statement we think we are warranted in concluding that they were not sworn by anybody to perform the duties

as jury commissioners for the County Court. Counsel for appellant urges that because the jury was not drawn at the January term as provided by the statute for drawing jurors for the County Court, that that in itself would make the jury illegal. We think counsel in this contention is going further than we can agree to, and that this question has been heretofore decided against him.

Upon the other proposition, we can see no reason why the county judge and the district judge could not, if they desired, appoint the same men to act as jury commissioners for both the District and County Court; but before their acts in performing this duty would be authorized by law, it is necessary that they be sworn not only to perform their duty as jury commissioners for the District Court, but also as jury commissioners for the County Court. It is not a question as to whether or not appellant was injured by the trial of the jury selected in the manner complained about, as will be seen from an examination of White's case, 45 Texas Crim. Rep., 598. In that case the county judge had purposely failed to appoint jury commissioners for reasons given by him, and there was no contention that the jury selected by the sheriff would be unfair to the accused in that case. The county attorney asked appellant's counsel this question: "Do you claim that the right of your client will be in any way injured by his being forced to trial by a jury selected from the venire this day chosen, or that this trial would be an unfair one to his client?" and the reply was: "No, I make no such claim. I just say that this manner of selecting a jury is illegal and that this venire, on account of the manner of its selection, should be quashed." So there we have fairly and squarely before the court, not the question of injury but one of selection. Judge HENDERSON, after quite a lengthy discussion, in conclusion, uses this language: "The right of trial by jury stands upon a higher plane than expediency; and fair trial by jury means a jury selected according to the law regulating their selection and impanelment. We therefore hold that appellant was denied, by the intentional action of the judge, of the right of trial by a legal jury." See also Irwin v. State, 57 Texas Crim. Rep., 331, and cases therein cited.

In the case of Woolen v. State, 68 Texas Crim. Rep., 189, it appears that Harrison County by the Acts of the Thirty-second Legislature was created a separate judicial district. At the November term of the court after this the judge appointed jury commissioners with instructions to select a grand and petit juries for the January, March and May terms of court. The indictment in the case then under consideration was returned at the March term of that court, and a motion was made to quash because the grand jury which returned the bill was illegally drawn. Upon a hearing of that motion the judge testified that believing the statute governing the appointment of jury commissioners was directory only, that he directed the jury commissioners to draw the grand jurors and petit jurors not for the next

term of court as the law provided, but for the three succeeding terms of court. Judge Davidson, in discussing the case, uses this language:

"Wherever the Legislature has provided the method and means by which a jury may or must be selected, the judiciary is not authorized, because of some idea they may entertain of expediency or saving of cost or expense, to abrogate and set aside the plain provisions of statutory enactment." And again: "By the terms of the Constitution the Legislature provides these matters, and whether they be expedient or not, wise or not, would not justify the courts in setting aside such legislation and substituting such ideas of the court for the legislative act." And further: "We, therefore, hold that the court was without authority to have the juries, grand and petit, selected at the November term, 1911, for the first three terms of 1912, and as the indictment herein was returned at the March or second term, that the grand jury was an illegal one, and for the same reason the petit jurors would be in the same category. We are of opinion, therefore, the court should have sustained the motion to quash the indictment." In Johnson v. State, 86 Texas Crim. Rep., 566, 218 S. W. Rep., 496, the question arose with reference to the selection of a special venire. It seems in that case that instead of exhausting first the regular jurors for the term, that they put in the box not only the names of the regular jurors for the term but also the names of the entire special venire list which had been drawn by the jury commissioners, and that a special venire in that case was drawn from this mixed list. It was held in that case that the venire was not selected in accordance with law but in violation of its terms, and this court, in deciding that question used this language: "The Legislature having provided this means for obtaining a jury, the court was not at liberty to set it aside. The question of injury does not enter into the case. Appellant was insisting upon the legal rights he had for the selection of a jury, and he is entitled to that character of jury trial provided by law. The selection of a jury, of course, underlies the fact that he has a proper jury."

In the instant case it seems that they had not been having jury trials ordinarily at the term of court at which the appellant was tried on account of inconvenience to the farmers, and that the county judge, not from any improper motive, but as a matter of expediency and as an accommodation to the agricultural class, had not been having juries drawn to try cases at the April term of court, but, as stated in the opinions quoted, it is not a question of expediency but a matter of law, and appellant had a right to stand upon his legal rights. Upon a further investigation of the record in this case, as called to our attention by the motion for rehearing and argument, and cases cited in connection therewith, we believe we were in error in our original opinion in this case, and because it does not appear that the jury commissioners who drew the jury by which the appellant was tried were sworn to perform their duty as jury commissioners of the County Court, the former affirmance of this case will be set aside, the motion

for rehearing granted, and the judgment reversed and the cause remanded.

*Reversed and remanded.*