CHARLIE BARTON V. THE STATE.

No. 9854. Delivered March 3, 1926.

**Possessing Intoxicating Liquor—Jury Commission—Must Be Appointed.**

For a district judge to intentionally disregard the statute requiring him to appoint a jury commission at each term of the court, to select

jurors for the next term of court, is a violation of the right of trial by a jury guaranteed by our Bill of Rights. Following White v. State, 45 Tex. Crim. Rep. 597, and numerous other cases cited.

Appeal from the District Court of Bailey County. Tried below by the Hon. R. C. Joiner, Judge.

Appeal from a conviction for possessing intoxicating liquor for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.

*W. W. Kirk* of Plainview, *T. H. McGregor* and *A. L. Low* of Austin, for appellant.

*Sam D. Stinson*, State's Attorney, and *Nat Gentry Jr.*, Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in District Court of Bailey County for possessing intoxicating liquor for purposes of sale; punishment fixed at one year in the penitentiary.

But one question is presented. Appellant moved to quash the array of petit jurors for the reason that same was not drawn by a jury commission duly appointed at the preceding term of the District Court, and offered testimony in support of his motion. After hearing same the motion was overruled, and complaint is made by proper bill of exceptions. It was admitted that no jury commission was so appointed, and that the panel was composed of men summoned by the sheriff upon order of the court.

The issue thus raised has often been before this court, and we have held consistently that the intentional disregard by a district judge of the statute requiring him to appoint jury commissioners at each term of court, to select jurors for the next term of court, is a violation of the right of trial by jury guaranteed by our Bill of Rights. White v. State, 45 Texas Crim. Rep. 597; Richardson v. State, 46 Texas Crim. Rep. 83; Ray v. State, 46 Texas Crim. Rep. 176; Irwin v. State, 57 Texas Crim. Rep. 331; Woolen v. State, 68 Texas Crim. Rep. 189; Johnson v. State, 86 Texas Crim. Rep. 566; Donegan v. State, 230 S. W. Rep. 166. The motive of the court in not appointing a jury commission may be good, but if the act of the court was intentional the case should be reversed.

In this case the learned trial judge was sworn and testified: "It was a lapse of memory on my part; we had closed the minutes of the court and we were getting ready to adjourn before my attention was called to the fact that I had failed to appoint

a jury commission, so I did not reopen the court; that is the reason the jury was not selected by a jury commission at this time. * * * Yes, sir, I inadvertently failed to appoint a jury commission at the last term of the court." We think the attention of the court having been called to this failure before the court adjourned, his act in thus declining to enter an order appointing such jury commission can in no sense be classed as other than intentional. The principles involved have been so thoroughly discussed in the cases cited that we need not restate them.

For the error mentioned the judgment is reversed and the cause remanded.

*Reversed and remanded.*