## JOHN WILSON v. THE STATE.

No. 11466. Delivered March 28, 1928.
Rehearing denied June 23, 1928.

The opinion states the case.

*J. Lee Cearley* of Cisco, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for theft of a calf alleged to have belonged to L. L. Emberlin, punishment being two years' confinement in the penitentiary.

Appellant and his co-defendant Fry (No. 11447) were indicted and tried separately, but the records are identical. Some two weeks before the calf was alleged to have been stolen a dance was in progress at Emberlin's house, upon which occasion both Wilson and Fry were present. Wilson made some inquiry about selling the calf in question, in which conversation Emberlin claims to have told them that he would sell the calf at some later time but did not want to take it away from its mother then. Upon the occasion of taking the animal Wilson and Fry in company with one Whatley had gone ostensibly on a fishing trip; about dark they left the creek where they had set out some hooks and drove twelve or fourteen miles to Emberlin's place where they waited until the lights went out in the house, then took the calf, killed and prepared it for market. The next day they sold the hide and were attempting to dispose of the meat when they were apprehended. They told the officers they had raised the calf. The defense interposed by both Wilson and Fry was that they had a contract to purchase the calf from Emberlin and took it under the claim of such contract of purchase. Such claim does not appear to have been very cogently supported, but the

issue was properly presented in the charge and the finding of the jury was against appellant. We deem it unnecessary to set out the facts in any detail.

On Monday when this case was called, at the request of the attorney representing appellant, and for his convenience alone, the case was set down for trial on a later day of the week. When the case was called at that time appellant moved to set aside the jury panel for the week, the motion apparently being based on the fact that the sheriff had made no return on the venire facias which directed him to summon the jurors. Another ground set out in the motion was that some of the jurors present were talesmen who had been summoned under the direction of the court, but this averment is in no way verified. Upon investigation of the motion the following facts were disclosed; a regular jury commission had drawn 36 jurors for that week of court; the clerk in proper time had given the list to the sheriff in order that he might notify the jurors to be present (Art. 2117 and 2118 R. C. S.) : the sheriff had not made a regular return, if indeed under the provisions of the articles referred to he was required so to do. On Monday the jurors were called from the original list; some were excused upon grounds authorized by statute, others were excused for that particular day, but were present later in the week when this case was called for trial. If we understand the facts they show that twenty-six of the regularly drawn jurors for that week were present for jury service at the time this case was called for trial. If appellant thought the court had abused his discretion in excusing any of the jurors he made no request for process to have said jurors brought in. So far as this record shows he may have secured a jury from the twenty-six regular jurors available. The bill presenting this matter shows no such irregularity of which appellant had just cause for complaint. The case of Irvin v. State, 57 Tex. Cr. R. 331, to which we are referred in appellant's brief has no application whatever. In the Irvin case the jurors available were not drawn by jury commissioners but the court had arbitrarily refused to appoint jury commissioners and had the jury summoned by the sheriff.

We perceive no error on the part of the court in admitting in evidence appellant's confession. It is true after the confession was admitted appellant undertook to raise an issue that it was not voluntary. This question was properly submitted to the jury.

Appellant complains because the court declined to permit appellant's father to answer whether Emberlin had told the witness that

he (Emberlin) had sold the calf to the boys, meaning appellant and his co-defendant Fry. The bill is defective in omitting to show what the witness's answer would have been. If not defective in the particular mentioned the ruling of the court was not erroneous. No predicate had been laid to impeach Emberlin upon the point without which the evidence attempted to be introduced was purely hearsay.

The judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant renews in his motion practically each of the matters complained of on the original presentation of this case, all of which were considered and passed upon in said opinion. Each of these complaints has again been carefully examined and the conclusion reached that for us to again write upon them would be but a reiteration of what we have already said.

Being unable to agree that any error appears, the motion for rehearing will be overruled.