JIM BRYAN v. THE STATE.

No. 11878. Delivered June 23, 1928.

The opinion states the case.

*Warlick & Gossett* of Seymour for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Appellant was indicted under three counts, the first charging him with manufacturing intoxicating liquor, the second with possessing equipment for manufacturing such liquor, and the third with possessing such liquor for the purpose of sale; the second and third counts were withdrawn and appellant entered his plea of guilty to the first count, and his punishment was assessed at three years in the penitentiary.

In his first bill of exception appellant complains because he was tried before a jury summoned by the sheriff. When motion was made to set aside the jury panel for the week the question was examined into and the following facts developed. The regular judge had died and a special judge who was holding a previous term of court appointed jury commissioners to draw the jurors for the present term of court was under the impression that jurors for two weeks would be sufficient to dispose of the business for which jurors would be needed. He therefore directed the jury commissioners to select jurors for the two weeks only, it being a six weeks term of court. The present case with others was set for trial for the third week at which time a jury was present which had been drawn by the jury commissioners and was available to appellant if his case had been tried at that time. The trial was postponed at the request of appellant's attorney and for his accommodation to the fourth week, he being advised at the time by the learned judge that no regularly drawn jury would be available but that it would be necessary for the sheriff to summon a jury if the case was postponed. It does not appear that there was any arbitrary disregard of the statute in failing to have jurors drawn by the jury commissioners for all the

weeks of the term of court, hence the case does not fall within the principle relied upon by appellant as announced in White v. State, 45 Tex. Cr. R. 597, 78 S. W. 1066; Woolen v. State, 68 Tex. Cr. R. 189, 150 S. W. 1165; Bickham v. State, 101 S. W. 210; Irvin v. State, 123 S. W. 127. The facts in the present case rather make applicable the rule announced in Greene v. State, 53 Tex. Cr. P. 490, 110 S. W. 920, which seems to be directly in point. When the learned special judge directed the jury commissioners to select juries for only the second and third weeks of the term he may have erred in judgment in thinking the jury business could be disposed of in two weeks, but there is nothing to indicate that in not having jurors drawn for other weeks of the term he was intentionally or arbitrarily ignoring the statute.

Appellant signified to the court his intention to enter a plea of guilty to the first count in the indictment. When the jury panel from which to select a jury to assess the penalty was called all the jurors on the panel except five stated on their voir dire examination that they had heard the purported facts of the case discussed, had seen two stills and other equipment connected therewith on the court house lawn, knew what disposition had been made of one or both of the cases against the co-defendants Quincy Couch and Buddy Oliver, whose cases had been tried immediately preceding the present case. Said jurors stated they could lay aside all such knowledge, not be influenced thereby and give appellant a fair and impartial trial. Appellant's challenge was based on the ground that said jurors with knowledge of the disposition of the other cases together with knowledge of the facts could not prevent themselves from being influenced and prejudiced thereby as they would inevitably compare appellant, his acts and participation in the transaction with that of his co-defendants and would necessarily, though unconsciously, be influenced thereby in arriving at the penalty to be assessed against appellant. The court overruled the challenge, and qualified the bill bringing the matter forward by stating that he in person asked each juror whether they had an opinion as to the guilt or innocence of appellant from hearsay or otherwise, to which they answered they had not, and that they could give both the state and appellant a fair and impartial trial. Upon motion for new trial appellant set up misconduct on the part of the jury and supported it by the testimony of one juror who testified that while they were deliberating on appellant's case the fact that Buddy Oliver was tried the day before and given a two year sentence was mentioned in the jury room;

that he did not remember whether it was the Buddy Oliver case but the fact was mentioned that in a case tried the day before the defendant had gotten two years; that this appellant was an older man and that he ought to have more was mentioned by one of the jurors; that fact was discussed in the jury room to that extent, and also the fact that appellant was an older man than the one tried the day before; that as appellant was older than the one tried the day before appellant ought not to be shown as much leniency. After this discussion all the jurors agreed to a penalty of three years against appellant. None of the other jurors was called either by the state or appellant to affirm or deny the matters testified to by the juror who gave the testimony related. The facts emphasize the impropriety of permitting jurors to set in a case where they have knowledge at first hand of the circumstances surrounding the transaction upon which they are called to pass. The court may have been justified in declining to sustain the challenge to the jurors but after it was developed upon motion for new trial that the jury had considered against appellant the result of a case theretofore tried of which they had knowledge he should have granted a new trial. Nantz v. State, 94 Tex. Cr. R. 283, 250 S. W. 696. In Hall's case, 92 Tex. Cr. R. 1, 241 S. W. 154, much the same question was considered and many authorities collated. There accused's co-defendant was younger than accused. Knowledge of his age reached the jury through the improper statement of the district attorney. It was used as an argument why one juror should agree to the death penalty for accused whereas he had theretofore been holding out for life imprisonment. In the present case knowledge of the facts had come to the jurors through their own observation and from what they had learned in the previous trials of appellant's co-defendants. No evidence was introduced on this trial to show that the co-defendants were younger than appellant, yet this knowledge on the part of the jurors was used against him and resulted in his punishment being fixed at three years when the minimum penalty was one, because, it seems that Oliver, a younger man had been given two years the day before. The result emphasizes the soundness of appellant's challenge upon the ground that the jurors with knowledge of the facts could not prevent themselves, although unconsciously, from comparing the various defendants which comparison in this case resulted unfavorably to appellant. Of course, if he had been given the minimum penalty no harm would have been shown. It may be

that under the facts he deserved the penalty assessed, but this should not have been reached through comparison in age with his co-defendants in the absence of evidence upon the point.

The judgment must be reversed and the cause remanded.

*Reversed and remanded.*