## J. D. Martin v. The State.

No. 13286. Delivered April 23, 1930.
Motion to reinstate granted May 14, 1930.
Reported in 28 S. W. (2d) 140.

The opinion states the case.

*Lewis H. Jones* of Corpus Christi, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is supposed to be for an aggravated assault, with punishment by fine of $25.00.

The state's attorney calls to our attention the fact that no notice of appeal is shown by the record. This is absolutely essential. Art. 827, C. C. P.; Palmer v. State, 141 S. W. 109; Gentry v. State, 10 S. W. (2d) 732; See Notes under Art. 827, Vol. 3, Vernon's Tex. C. C. P.

A hasty examination of the record further reveals that it shows no judgment of conviction. It does show the verdict of the jury, but if judgment was entered thereon the record fails to bring it forward. Donegan v. State, 89 Tex. Cr. R. 193; 230 S. W. 166; Cane v. State, 91 Tex. Cr. R. 500, 239 S. W. 948; Kolos v. State, 90 Tex. Cr. R. 492, 236 S. W. 473. For other authorities see Note 4, Sec. 123, Vol. 4, Texas Jurisprudence.

The transcript shows an "information," but no "complaint" is found furnishing a basis for the information.

The appeal is dismissed.

*Dismissed.*

ON MOTION TO REINSTATE APPEAL.

LATTIMORE, JUDGE.—The appeal in this case was dismissed because the record contained no notice of appeal, no judgment of conviction, and no complaint upon which the information was based. Within the time prescribed appellant has filed with the clerk of this court a supplemental transcript containing properly certified copies from the minutes showing notice of appeal given and entered of record, also a judgment of conviction; and also there appears a duly certified copy of the complaint which was on file and part of the record when the case was tried. The appeal will be reinstated, and the case considered on its merits.

The complaint and information charge that appellant "unlawfully with premeditated design, and by the use of means calculated to inflict great bodily injury, to-wit: by the use of a piece of pipe, in and upon N. C. Curry, did commit an aggravated assault." In

his charge to the jury the court instructed them as follows: "An assault becomes aggravated when committed under the following circumstances: When committed by a person of robust health or strength upon one who is aged and decrepit." An exception was directed at this part of the charge as not being in conformity with the grounds of the assault laid in the complaint and information, and further that the giving of said charge was prejudicial because the facts showed appellant to be a person of robust health and strength and the prosecuting witness to be aged and decrepit. Clearly the giving of this charge was erroneous. The charge of the court to the jury should only submit the question of guilt predicated upon an assault committed in the manner and by the use of the means set out in the indictment or information. Appellant testified in his own behalf, affirming that he did not strike Curry, the injured party, with any pipe, but did strike him with his hand. We are constrained to believe that the giving of the charge above referred to, which was manifestly erroneous, may have been of material injury to the cause of appellant.

For the error referred to, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*