## O. S. CLARK V. THE STATE.

No. 20599. Delivered December 20, 1939.

108

The opinion states the case.

*Baker & Baker,* of Coleman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is adultery. The punishment assessed is a fine of $500.00.

Appellant's first complaint is that the court erred in overruling his motion to quash the jury panel. He charged in his motion that the county judge had intentionally and arbitrarily declined, at any previous terms of said court, to appoint a jury commission to select a jury panel for the August Term, and that the court had adopted and pursued this practice for the past two or three years in order to save the expense. This motion, and the matters charged in the motion, were not controverted by the State; in fact it seems that the State agreed that the facts relative thereto as set out in said motion are correct.

Art. 2109 R. C. S. provides as follows: "The county court shall, at its first term after the last day of December and the last day of June of each year, appoint three jury commissioners for said court, having the same qualifications as jury commissioners for the district court. The same proceedings shall be had in the county court by its officers and said commissioners to procure jurors as are required by this title for similar proceedings in the district court, except as modified by the provisions of this article. * * * *

"2. Said commissioners shall select jurors for all the terms of the county court to be held within six months after the adjournment of the first week of said court after the dates first named. The county judge shall designate the number of jurors to be so selected for each term and week."

This is a mandatory legislative provision which cannot be intentionally or arbitrarily disregarded. The Legislature, however, by the enactment of Art. 2108, R. C. S., provided that if from any cause, the jury commissioners should not be appointed at the time prescribed, or should fail to select jurors as required, or the jury list returned into court should be lost or destroyed, the court should then proceed to supply a sufficient number of jurors for the term, and when deemed necessary he might ap-

point jury commissioners for that purpose. The authority granted under the last named article may only be resorted to in the event that from some good cause no jury commissioners had been appointed at the prescribed time. There must be some *real* cause, such as illness of the presiding judge, inadvertence or oversight on his part, etc. The judge cannot intentionally or arbitrarily decline to follow the procedure prescribed relative thereto, and contend that this was such cause as would authorize him to resort to Art. 2108, supra, to supply prospective jurors. This court, by an unbroken line of decisions, has held that this cannot legally be done. See White v. State, 45 Tex. Crim. Rep., 597, 78 S. W. 1067; Irvin v. State, 57 Tex. Crim. Rep., 332; 123 S. W., 127; Woolen v. State, 68 Tex. Crim. Rep., 189, 150 S. W. 1165; Donegan v. State, 89 Tex. Crim. Rep., 195, 230 S. W., 166; Martinez v. State, 134 Tex. Crim. Rep., 180. We think the motion to quash should have been sustained.

Appellant also complains of the sufficiency of the evidence to sustain his conviction, in that the proof relative to Daisey Cunniff being a married woman at the time of the alleged offense is very unsatisfactory. It seems to us that if she were married at the time, this fact could be shown more definitely. No one testified to ever having seen her supposed husband anywhere about the place where she lived. See Webb v. State, 24 Tex. Crim. Rep., 164, 5 S. W., 651; Smith v. State, 51 Tex. Crim. Rep., 643, (645), 104 S. W. 899; Dixon v. State, 50 Tex. Crim. Rep., 385, 97 S. W., 692; Burnett v. State, 44 Tex. Crim. Rep., 226, 70 S. W. 207; 1 Tex. Juris., Secs. 24 and 25, p. 775. In view of the disposition we are making of the cause we do not deem it necessary to discuss the other complaints urged by appellant.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.