## MRS. C. H. NEWBERRY V. THE STATE.

No. 21229. Delivered October 23, 1940.

The opinion states the case.

*H. R. Rolston*, of Lufkin, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for a violation of the Local Option Law. The punishment assessed is a fine of $100.00.

The only ground urged by the appellant for a reversal of the judgment of conviction relates to the court's action in overruling her motion to quash the jury panel for the term. It appears from the record that appellant, in her motion to quash the array of the jurors summoned, charged that the court failed to appoint a jury commission to select the jurors for the county court in accordance with Article 2109 of the Revised Civil Statutes of Texas in this,—that the May term of the county court convened on the 6th day of May, 1940, and the court appointed a jury commission on the 15th day of April, 1940, to select petit jurors for the succeeding May term of said court; that the court intentionally and arbitrarily declined and failed at the previous December term of said court to appoint a jury commission to select the jury panel for the May term as required by the article of the statute above mentioned. The motion was overruled by the court and the defendant in due time excepted. The bill of exception sets out the motion in detail. The facts agreed to by and between the State and the defendant pertaining to the allegations of the motion are also set out in the bill and sustain the allegations therein contained. It appears from the bill that the court, after hearing the motion, stated that it was a discretionary matter with him as to when to appoint jury commissioners to select jurors for the court and that he exercised his discretion in not appointing a jury commission at the preceding December term of said court in accordance with Art. 2108 of the Revised Civil Statutes, and for that reason no jury commission was appointed by the court until the month of April, 1940.

A similar question as the one here presented was before this court in the case of Clark v. State, 134 S. W. (2d) 676, wherein we held that the trial court could not arbitrarily disregard the mandatory provisions of the statute. We do not deem it necessary to reiterate what we have said there for the reason that a mere reference to the opinion in that case will be sufficient. See also Holmes v. State, 269 S. W. 96, and Johnson v. State, 31 Tex. Cr. R. 456.

In view of the fact that the court wilfully disregarded the mandatory provision of the statute with respect to the appointment of jury commissioners to select petit jurors, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.