## ALVIN LOGAN V. STATE.

No. 24589. January 18, 1950.

*Garland Casebier,* Fort Stockton, for appellant.

*J. W. Swarts,* County Attorney, Van Horn, and *George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The appeal is from a conviction for aggravated assault, with a fine of $25.00.

The sole question necessary to be discussed in this case is whether or not appellant's motion to quash the jury panel in the

county court should have been sustained. The judge of the County Court of Culberson County for the preceding eighteen years did not feel it necessary to appoint a jury commission as provided by Article 2109, R. C. S. When the present county judge came into office, in January, 1949, no jury had been drawn for the six months term of court to follow. On the 16th day of June this case was called for trial and the motion filed to quash the jury panel. This is denominated a second motion to quash. The grounds therefor set out that the jury commission drawing the jury before them was not appointed according to law.

It appears that about the latter part of January a jury commission was appointed who selected 20 men for service and that they appeared in court, in response to the summons, on the 13th day of April following. Over the objections of defendant's counsel, the county judge at that time orally dismissed all of the jury panel except three, whom he swore in as jury commissioners. Following the court's instruction, they selected the jury panel from which the jury was selected in the instant case. It is set out and shown by the record, without dispute, that the failure to have a jury commission appointed in accordance with the statute, and the selection of a jury panel by them, was not unintentional but was the willful act and judgment of the county judge. The second motion to quash the panel was overruled and defendant was forced to select a jury from such panel.

It will not be necessary to give an extended discussion of the question thus presented in the case now before us. The identical question was fully discussed in Clark v. State, 138 Tex. Cr. R. 107, 134 S. W. 2d, page 676, and re-affirmed in Newberry v. State, 140 Tex. Cr. R. 186, 143 S. W. 2d 962 and Fann v. State, 140 Tex. Cr. R. 142, 143 S. W. 2d 963. The opinions of this court on the subject are consistent. Neither the county judge nor this court has the power to change statutory law.

For the reasons stated in the foregoing cases, the judgment of the trial court is reversed and the cause is remandede.