## No. 2599.

### JOHN WILLIAMS *v.* THE STATE.

1. PRACTICE — CONTINUANCE — BILL OF EXCEPTIONS.—The action of the trial court in refusing an application for continuance will not be revised unless exception to such action is presented by proper bill.

2. JURY LAW—CASE STATED.—Under an established rule of practice in this State, no challenge to the array of jurors selected by jury commissioners can be entertained. The record in this case discloses that, at the previous term of the trial court, the term being then limited to three weeks, the court appointed jury commissioners to select jurors to serve at the ensuing term, and the said commissioners selected jurors to serve for three weeks. After the adjournment of the said previous term the Legislature enlarged the term of the trial court to four weeks; and, upon the assembling of court, the trial judge appointed commissioners to select jurors to serve at the next term, and caused them also to draw and select jurors to serve at the fourth week of the then term. It was before the jury thus selected to serve during the fourth week that the accused in this case was tried. His challenge to the array was based upon the ground that the jury was not selected by the jury commissioners appointed at the previous term of the court. *Held*, that the challenge was properly overruled. See the opinion in extenso on the question.

3. PRACTICE—PRIVILEGE OF COUNSEL.—Violent language used in argument by the prosecuting counsel, if the same was called forth and demanded by remarks of counsel for the defense, can not be held to constitute such an abuse of the privilege of argument as will vitiate a conviction. See the statement of the case in illustration.

APPEAL from the District Court of Comanche. Tried below before the Hon. T. H. Conner.

This is the companion case to the preceding case of I. N. Williams v. The State. The conviction was had under an indictment charging the appellant with breaking into the Comanche county jail on the night of April 28, 1886, and liberating certain prisoners. The report of the I. N. Williams case, commencing on page 17 of this volume, contains a full statement of the evidence adduced upon that trial. The same witnesses who testified upon that trial also testified to substantially the same facts in this case. The penalty assessed against this appellant was a term of two years in the penitentiary.

The subject matter of the ruling announced in the third head note of this report is embraced in the appellant's second bill of exceptions. That bill of exceptions recites that the prosecuting counsel, in his closing argument to the jury, used the following language: "The counsel for the defendant in this case keeps throwing it in my face, and asking the question: 'Where is the evidence that shows old Ike Williams to have been present at the breaking of the jail?' To this I have to reply: Gentlemen, go and examine the records of this court for last week, and you will see where a jury of twelve men have said by their verdict that Ike Williams was present at the jail. I would not go into that matter if I was not forced to do so." Signing this bill, the trial judge explained: "On the trial a number of witnesses were asked and testified that they testified on the trial of the Ike Williams case referred to in the above bill, and during the progress of the trial reference was made more than once to the Ike Williams trial. And in the argument for the defense, two at least, of defendant's counsel, to wit, Messrs. Thurmon and Jenkins, each referred to the Ike Williams trial, and, addressing the district attorney, asked: 'Where is the evidence showing that old man Ike Williams was one of the five men who broke the jail?' or words to that effect. The language of the district attorney, set forth in the above bill, was used in the closing argument, and was addressed to the counsel for the defense, in answer to their argument."

The motion for new trial raised the question discussed in the opinion.

*Lindsey & Hutchinson* and *J. C. Jenkins*, for the appellant. ·

*W. L. Davidson*, Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. This is a companion case to that
of I. N. Williams v. The State, just decided, grew out of the
same transaction, and was a similar prosecution for jail break-
ing.

I. No bill of exception having been reserved to the court's
overruling defendant's application for continuance, he is not
entitled to a revision of the ruling in this court. (Scott v. The
State, 23 Texas Ct. Ap., 522.)

II. It appears from the record that at the last previous term of
the court the jury commissioners had only drawn and selected
jurors for three weeks of the next term. At the time they acted,
the length of the term of the district court for Comanche county,
fixed by law, was three weeks. After adjournment of that term,
the Legislature had lengthened the term to four weeks. When
court convened the jury commissioners of the then present term
were required to draw and select jurors for the fourth week of
said term. The jury in this case was composed of the jurymen
thus selected and drawn, and defendant challenged the array be-
cause they had been selected by the jury commissioners of the
present and not of the previous term. This challenge was rightly
overruled by the court. The mode and manner of selecting jurors
for said fourth week was in conformity with law. (Elkins v.
The State, 1 Texas Ct. App., 539; Shackelford v. The State, 2
Texas Ct. App., 385; O'Bryan v. The State, 12 Texas Ct. App.,
118.) No challenge to the array of jurors selected by jury com-
missioners can be entertained. (Id.)

We are of opinion, independently of the cases cited, that author-
ity for the court's action in the premises might well be predicated
upon the spirit and intent of the provisions of article 3022 of the
Revised Statutes. These provisions are not in conflict with
article 658, Code of Criminal Procedure, but leave it discretion-
ary with the court, "when it may deem necessary," to appoint
jury commissioners where they have not been appointed in time
to make selection of jurymen; and no good reason is seen why
the court can not, as was done, utilize for that purpose the ser-
vices of the commissioners already appointed to select for the
next term of court.

III. As to the complaints made of the charge of the court,
suffice it to say, the questions raised and circumstances con-
nected with them, are identically the same as in the I. N. Wil-
liams case, and need no further discussion or amplification. No
reversible error as to the charge is presented.

IV. The language of the district attorney, in his closing speech, which is made the subject of a bill of exception, was provoked, it appears, by the defendant's counsel, and was simply an answer to remarks made by them, demanding and forcing from him a reply. Under such circumstances he can not be heard to complain. (Pierson v. The State, 18 Texas Ct. App., 525; House v. The State, 19 Texas Ct. App., 227.)

As in the Ike Williams case, so in this, we have found no reversible error in the judgment of conviction, and it is therefore affirmed.

*Affirmed.*