INNOCENTE SANCHEZ V. THE STATE.

No. 1372. Decided June 1, 1898.

1. **Jury Law—Jury Summoned by Order of Court—"Due Course of Law."**

It is expressly provided by article 3150, Revised Statutes, that when, from any cause, there has been a failure of the jury commissioners to provide a jury for the term, the judge is authorized to order the sheriff to summon a jury for the term or part of the term. And article 695, Code of Criminal Procedure, provides that when from any cause there are no regular jurors for the week, the judge may order the sheriff to summon a jury, etc. Held, that a trial by a jury summoned and selected under such circumstances is legal, and does not deprive defendant of a trial by "due course of law."

2. **Charge—Absence of Statement of Facts—Practice on Appeal.**

In the absence of a statement of facts, the charge of court will be held sufficient on appeal, if it is authorized by any facts which might be provable under the allegations of the indictment.

APPEAL from the District Court of Webb. Tried below before Hon. F. M. LOWE, holding the term by exchange with Hon. A. L. McLEAN.

Appeal from a conviction for burglary; penalty, two years imprisonment in the penitentiary.

There is no statement of facts in the record.

*A. Winslow,* for appellant, as to the error of the court in overruling defendant's motion to quash the jury selected by the sheriff to try the cause, cited Revised Statutes, articles 3145, 3154, 3158, 3173; Elkins v. State, 1 Texas Crim. Apps., 539; Schackelford v. State, 2 Texas Crim. Apps., 285; Lewis v. Merchant, 4 App. Civ. Cas., sec. 115; Daniel v. Bridges, 73 Texas, 149-154.

*W. W. Walling* and *Mann Trice,* Assistant Attorney-General, for the State. [No briefs on file with the record.—Reporter.]

HENDERSON, JUDGE.—Appellant was convicted of burglary, and his punishment assessed at confinement in the penitentiary for a term of two years; hence this appeal.

There is no statement of facts in the record, and the only question presented for our consideration is with reference to the impanelment of the jury. We find what is termed a bill of exception in the record on this subject. This shows that appellant made a motion to quash the "jury venire this day summoned and selected by the sheriff and his deputies to try this cause, for the following reasons: (1) Because said jury has not been chosen and selected by the jury commission of said Webb County, although such jury commission was appointed at the last term of this court, who qualified and selected both grand and petit jurors for this, the October term, 1897, of this court; (2) because, he says, to force him to trial before a jury not selected by a jury commission is denying him a trial by due course of law; (3) because, he says, that he was at all times ready to go to trial in this cause during the preceding weeks of this term, when there was a jury chosen and selected." The motion was overruled, and appellant excepted. As a part of this bill it is shown that on the morning of November 26, 1897, the judge of the District Court called the above entitled and numbered cause for trial, and, there being no jury selected by the jury commissioners of Webb County, and no jury in attendance upon the court whatever, the court directed the sheriff and his deputies to summon a jury for the trial of this cause, and then and there swore said sheriff and his deputies according to law to summon a duly qualified, fair, and impartial jury to try this cause. Thereupon the sheriff and his deputies proceeded to and did summon a jury for the trial of this cause. The ground of appellant's objection, it appears, is because appellant was not afforded a trial by a jury selected by the jury commissioners. If this requirement was mandatory, there might be some ground for this contention. But this is not so. Article 3150, Revised Civil Statutes, authorizes the judge of any district court, when from any cause there has been a failure of the jury commissioners to provide a jury for a term or part of a term, to order the sheriff to summon a jury for such term or part of a term. Article 3184 embodies the oath required to be taken by the sheriff and his deputies on such occasion. Article 3202 et seq. show how a challenge to the array may be made when the jury has not been drawn by the com-

missioners summoned for that purpose, and has been summoned by the sheriff under an order of the judge. The motion of appellant in this case does not show any ground of challenge to the array, in accordance with said articles. Article 695, Code of Criminal Procedure, is in this language: "When from any cause there are no regular jurors for the week from whom to select a jury, the court shall order the sheriff to summon forthwith such number of qualified persons as it may deem sufficient, and from those summoned a jury shall be formed as provided in the preceding articles of this chapter." While a number of articles of the Civil Statutes are referred to by counsel for appellant, yet none of the articles we have enumerated above were referred to by him. If he desired to discuss the legality of any of said articles to which we have referred, they should have been mentioned and discussed. The articles to which counsel refer have no application to this question.

Appellant also excepts to the charge of the court, but there not being a statement of the facts in the record, and the charge appearing to be such a charge as was authorized to be given under the state of facts provable under the indictment, no ground is presented for a reversal of this case on account of any defect in the charge. Indeed, the objections are of the most general character, and do not point out any specific errors in the charge. The judgment is affirmed..

*Affirmed.*

HURT, Presiding Judge, absent.

[NOTE.—Appellant's motion for rehearing was overruled without a written opinion.—Reporter.]