WILLIAM MARTIN v. THE STATE.

No. 3219.   Decided November 15, 1905.

### 1.—Local Option—Jury Commissioners—Jury and Jury Law—Challenge to Array.

On a trial for local option, where the objection was to the array of the jurors summoned by the sheriff because they were not selected by jury commissioners appointed by the court, and it was shown by the county judge that before said term he had always disposed of the jury docket in one week, and had appointed jury commissioners to select jurors for the first week of the term, but that the grand jury had found a great number of misdemeanor bills, and to dispose of them he had the sheriff summon jurors for the second and third week of the term, there was no error.

### 2.—Same—Sufficiency of Evidence.

See case for facts held sufficient to sustain a conviction for a violation of the local option law.

Appeal from the County Court of Camp.   Tried below before Hon. J. D. Bass.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $100 and sixty days confinement in the county jail.

The following statement taken from the brief of the Assistant Attorney-General is substantially correct: "It appears that Searcy was sick with the smallpox and did not testify at this trial, but Albert Coke and J. A. Guest, eye-witnesses to the sale, testified that appellant sold and delivered the whisky to Searcy, and that appellant accepted the money from him."

No brief for appellant has reached the hands of the Reporter.

*Howard Martin,* Assistant Attorney-General, for the State.—Sanchez v. State, 39 Texas Crim. Rep., 389.

DAVIDSON, PRESIDING JUDGE.—The local option law went into effect in Camp County in May, 1903.   This conviction occurred in February, 1905.   Appellant filed a motion to set aside the array of jurors summoned by sheriff because they were not selected by jury commissioners appointed by the court.   The county judge testified in regard to this matter, and makes this qualification, in addition to the bill of exceptions: "I have been county judge for four years.   I have always had jury commissioners to select jurors for the first week of the county court, two terms at a time.   We have always been able to dispose of our jury docket in one week until now.   When the jury commissioners at the August Term, 1904, selected a jury for this court, I directed them to select a jury for the first week only, because my docket was light, and I did not believe I would need a jury longer. In December, 1904, the grand jury found about 120 bills of misdemeanors, and in order to dispose of these cases at this term, I had the sheriff to summon jurors for second and third weeks."   Under

the peculiar facts stated, we are of opinion that there was no error in the action of the court, and that this case is not brought within the rule laid down in White v. State, 45 Texas Crim. Rep.; 9 Texas Ct. Rep., 675. In White's case, it was made to appear that it was the custom in Parker County not to select jurors by jury commissioners, thus showing a clear setting aside of the statutory law. Here there was an emergency not anticipated at the time the jury commissioners selected jurors; that acting upon the history of matters in Camp County, the county judge only had jurors selected by the jury commissioners for the first week of the term; that theretofore this furnished sufficient number of jurors to try all misdemeanors in the county court. But here the contingency had arisen for his action, to wit: the finding of the great number of indictments by the grand jury. This created an emergency for the continuation of the trial of criminal cases beyond the usual time. We think the court was correct in having the jurors summoned by the sheriff under the circumstances and in the manner indicated.

It is also contended that the evidence is not sufficient. Without reviewing the facts, we are of opinion, that they are sufficient to sustain the conviction. The judgment is affirmed.

*Affirmed.*