### LIGE DAVIS v. THE STATE.

No. 3481.   Decided January 31, 1906.

**Local Option—Jury and Jury Law—Jury Commissioners.**

Upon a trial for a violation of the local option law where the record showed that juries had been selected for four or five weeks by the jury commissioners, and that on the sixth week of the term, during which defendant was tried, there were no jurors drawn for that week by the commissioners, and that it was not understood that the term would last so long and that thereupon the judge ordered the sheriff to summon a jury to try the defendant, there was no error. Distinguishing White v. State, 45 Texas Crim. Rep., 597. Following Sanchez v. State, 39 id., 389; Martin v. State, 90 S. W. Rep., 29.

Appeal from the County Court of Johnson. Tried below before Hon. J. D. Goldsmith.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

No brief for appellant has reached the hands of the Reporter.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Conviction for violating the local option law. When the case was called for trial appellant moved to quash the panel of jurors for the week. The facts in brief show that a jury had been selected for each week for four or five weeks, and the week during which appellant was tried was the sixth week of the term, and no jurors had been drawn by the commissioners for that week. The evidence discloses that it was not understood the court would last so long, and there being no jurors drawn for that week by the commissioners, the judge ordered the sheriff to summon a jury, which he did. This does not come within the rule laid down in White v. State, 9 Texas Ct. Rep., 675. In that case the county judge had continuously as a practice refused to have jurors drawn by the jury commissioners, and we held this was error. But the case is not analogous. The facts are different from the condition in which the record places this case. This comes within the rule laid down in Sanchez v. State, 39 Texas Crim. Rep., 389, and Martin v. State, 90 S. W. Rep., 29,

decided at the Tyler Term, 1905. We believe this is squarely within the provisions of the statute which authorizes the court to order a jury summoned where from any cause there is a failure to have sufficient jurors to transact the business of the term. The evidence supports the conviction, and the judgment is affirmed.

*Affirmed.*