## BILL FOGLE V. THE STATE.

No. 19213.   Delivered December 1, 1937.

The opinion states the case.

*Geo. S. Berry,* of Lubbock, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—This case comes under a prosecution for a violation of the liquor laws in what is commonly termed a dry area, that is in Randall County, which county voted itself dry in the year 1900, and was thus dry in the year 1919, at the date when the State of Texas adopted the amendment to the

Constitution prohibiting the sale, manufacture and transportation of intoxicating liquors throughout the State.

The appellant, upon a trial of his case for the illegal transportation of whisky into said county, was found guilty, and awarded a penalty of a fine of $300.00, hence this appeal.

Appellant first complains in his bill of exceptions No. 1 of the action of the court in failing to quash the jury panel, before which he was presented, upon his motion to do so, and brings the matter before us rather fully in his bill. It appears that appellant had been held by means of a complaint in cause No. 1566 in the County Court of Randall County, and had seasonably filed his request to have the county judge call jury commissioners for the purpose of drawing a jury for the week in which cause No. 1566 was set. In the meantime, however, a further case had been filed against appellant, it being cause No. 1567 in said court, and upon a call of No. 1566, the same was dismissed, and appellant put to trial in cause No. 1567.

It appears from the agreement filed by all parties to this trial that there was actually present at the calling of the case a jury which had been brought into court in the following manner. We quote from the transcript herein as follows:

### "AGREEMENT.

"It is agreed between the counsel for the defendant and the counsel for the State that the only showing that a jury commission has been appointed is a list of names on a sheet of paper filed by W. C. Black, Wilson Campbell and C. R. Burrow, which paper does not bear the file mark of the County Clerk of said county, and which does not show that said Jury Commission was appointed by any order of the Court.

"Then we offer a sheet of paper showing to be a certified copy of a jury list dated on the 21st day of April, 1937, and filed by L. C. Phillips, Deputy County Clerk of Randall County, Texas, and the sheriff's return on the 21st day of April, 1937, showing that he summoned the men named therein and filed the same on April 24, 1937, as evidence.

"It is further agreed that the County Judge of Randall County, Texas, on or about the 21st day of February, 1937, directed the Sheriff of Randall County, Texas, to summon W. C. Black, Wilson Campbell and C. R. Burrow to act as jury commissioners for said County Court, and the said sheriff in compliance with said verbal directions did summon said men for the purpose of acting as such jury commission, and said 3 men did appear at the office of the County Judge of Randall County,

Texas, and were furnished with a list of Randall County voters for the year 1937, as is shown by the tax rolls of 1936, and that the list as furnished to the sheriff of said county on April 21st, 1937, to serve as jurors for the 4th week of the April term of said Court was taken from a certain envelope.

"It is further agreed that when the 3 men appeared before the County Judge of Randall County, Texas, he swore them and formally instructed them to select lists of jurors to serve the County Court of Randall County, Texas, for March, April, May and June Terms of County Court of Randall County, Texas, but that no written order was ever made and filed in the County Clerk's office appointing said 3 men to act as jury commissioners for the purpose of selecting said jurors as is provided by Article 2109 et. seq. Revised Statutes of 1925."

It will be seen from the above quotation that the county judge followed the law prescribed for the summoning of jurors for this term of court, and that the main complaint relative thereto seems to be the failure of the county clerk to make the proper entry on the minutes of said court showing the acts of the judge relative to the appointment of such commissioners.

It would appear herein that a jury was actually present at this trial, which jury had been drawn by three men verbally ordered by the court to draw such jury, and they had been summoned to thus appear by the sheriff, but that the act of the county judge in thus appointing such jury commissioners had not been passed into the minutes of said court. It would seem that the judge had made an honest effort to have a jury properly selected as required by law, but there had been a failure to enter his order appointing the commissioners on the minutes.

This matter is not governed by appellant's cited case of Irvin v. State, 123 S. W. Rep., 127, for it seems that in that case the court had wilfully and consistently refused to appoint jury commissioners; not so in this instant case. The Donegan case, 230 S. W. Rep., 166, is also not in point, the commissioners not having been sworn. Such is not true in this case. Appellant's further cited case of White v. State, 78 S. W. Rep., 1066, is also beside the point in that the failure to properly select commissioners was wilful and intentional upon the part of the court; not so in this case. The court had the commissioners summoned by the sheriff, swore them, and formally instructed them as to their duties, and they performed such duties, returning the result of their labors to the county clerk in an envelope, which was properly filed by him, and the jury presented to try this appellant were the persons whose names were found

in such envelope. The mere fact of the failure of the clerk to enter up an order on the minutes of such court, evidencing the act of the judge, was only a failure to do a ministerial act that should not render his acts void in the matter. See Sanchez v. State, 39 Texas Crim. Rep., 389, 46 S. W. Rep., 249; Williams v. State, 5 S. W. Rep., 658; Lenert v. State, 63 S. W. Rep., 563; Schuh v. State, 58 Texas Crim. Rep., 165. We see no error in the court's refusal to quash the jury panel.

Appellant further complains relative to the fact that the complaint and information having alleged that the appellant did transport whisky, etc., while the appellant was not then and there the holder of an industrial permit, a medicinal permit, and not the holder of a carrier's permit to thus transport such liquor, and he contends that the State having negatived such defensive matters in its allegations, then such negatived matters should have been disproven.

The statute, Art. 666-27, Vernon's Texas Statutes, 1936, Penal Code, being Acts of 44th Legislature, Second Called Session, p. 1795, provides:

"No person shall transport into this State or between points in this State upon any public highway any liquor unless the person accompanying and in charge of such shipment shall have present and available for exhibition such bills of lading, evidence of ownership, or shipment, as the Board may, by rules and regulations require, and no person shall refuse to exhibit or permit to be read or examined any such bill of lading, evidence of ownership, or shipment, by any agent or employee or deputy of the Board or any peace officer of this State."

The above article would require, so it seems to us, that evidence of ownership should accompany all transported liquor as well as a permit to thus transport, and if it was necessary to have such allegations present in the complaint and information, and that same should be negatived, which we do not so hold, then we think that such has been done by the hereinafter quoted testimony of the witness R. N. Barnett.

The appellant further complains because the court failed to instruct the jury on the law of circumstantial evidence, as such rule would apply to the allegations in the complaint and information relative to a failure to possess certain permits. The testimony of R. N. Barnett concerning this phase of the case is as follows:

" * * * I did not find any medicinal permit or industrial permit or carrier's permit. Nor did I find any invoice of any description. I found neither a medicinal nor an industrial per-

mit. All I found was seven cases of whiskey. * * * I searched Mr. Fogle after I arrested him, and I did not find any permits, neither medicinal, industrial nor carrier's, nor any invoice."

It occurs to us that this is direct proof at least of the fact that the appellant had no such permits on his person, nor with him such as to bring him within the exceptions to the law, and was such proof as could be classed as direct rather than circumstantial, and if it devolved upon the State to present proof of the lack of the presence of such permits, then such burden has been discharged by the facts shown on the trial of this cause. In any event the transportation of the liquor, being the main fact at issue herein, was amply proven by direct evidence, and the requested charge could have no application to that phase of the case.

It has also been held in the case of Baker v. State, 106 S. W. (2d) 308, that such exceptions were not a necessary part of the allegations in the complaint and information, but were matters of defense, and to the same effect do we find the holding in Walker v. State, 151 S. W., 318.

Finding no error in the record, this cause is affirmed.

*Affirmed.*