## M. A. PEDIGO V. THE STATE.

No. 22062. Delivered April 8, 1942.

The opinion states the case.

*Rollie Fancher*, of Seymour, for appellant.

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from the County Court of Baylor County in which the appellant was assessed a fine of $150.00 on a charge that he unlawfully possessed whiskey for the purpose of sale in said county.

One bill of exception complains of the ruling of the court in admitting, over appellant's objection, the following testimony of the witness Earl Chandler:

"That he found four pints of whiskey in the car."

We are unable to tell from this bill of exception what defendant is complaining about. The bill does not show whose car it was, nor what circumstances, nor the purpose for which the testimony was given. When we examine the statement of facts we find from the evidence of the witness Earl Chandler that he was a night-watchman in the City of Seymour charged with the duty of "protecting public property and carrying out the liquor violations." He saw the defendant on the night alleged at about 10:30. He heard a noise which sounded like glass or bottles and said further:

"I looked. When I got about ten feet from the car I turned my flash light on the car. Mr. Pedigo was at the car and he tossed a package into the seat. He stepped back and tried to slam the door, but I kept him from slamming the door. I asked, 'Pop, what you got there?' He said nothing. I asked, 'what's in the car?' He said nothing. I could see the package in the car. The sack was torn and I could see what it was. I told him he had better come with me."

The witness further stated that he and appellant went into the building about ten feet away and found four pints of whiskey, but he doesn't say where he found it. We are unable to determine whether it was in the car or in the building from his evidence in the statement of facts. He says he saw the car drive into an alley about twenty minutes before that time and that he doesn't know who drove it. That he didn't see the defendant in the car, but did see him toss the package into it. The door was open and he could see the whiskey from the outside—could see two pints in the sack. He says further that he didn't search the car; that he saw the whiskey there with the door open and picked it up—the same whiskey that he saw appellant put into the car. Furthermore, he says he didn't ask permission to search the car, didn't know whose car it was, didn't know how it came there and didn't know who drove it there. Appellant did not testify and offered no evidence to show it was his car, if it was.

Under the foregoing condition of the record the question of the search of appellant's car without a search warrant is not raised and nothing is presented for our consideration.

The judgment of the trial court is affirmed.