M. A. PEDIGO V. THE STATE.

No. 22061. Delivered April 8, 1942.

The opinion states the case.

*Rollie Fancher*, of Seymour, for appellant.

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a conviction in the County Court of Baylor County assessing a fine of $100.00 based on a complaint charging appellant with the unlawful possession of whiskey for the purpose of sale in said county. The offense is alleged to have been committed on the 26th day of September, 1941.

The State relied on the testimony of the City Marshal of Seymour. He says that on the date alleged he saw appellant with a package under his arm which he put, "in a V-8 car parked by the curb." Appellant walked down the street, saw the officer and turned and went into his place of business.

The Marshal went back to the car, opened the door and searched it. He says, "under the law an officer does not have to have a search warrant to search a car. He can search one any time. I found six pints of whiskey. I got the whiskey out." There is no objection to this testimony. The evidence then shows the flight of appellant and his subsequent arrest ten days later.

Five bills of exception to the evidence are brought up for our consideration. The first complains of the testimony of the witness Rhea that he found six pints of whiskey which he saw appellant put "in a V-8 car parked by the curb." Objection to this testimony is on the ground that he didn't have a search warrant. The bill of exception, aided by the statement of facts, fails to reveal whose car it was. So far as we are able to tell, it might have been the car of the officer himself.

Bill of exception number two presents no error.

Bill of exception number three complains of the admission in evidence of the following statement: "I got Mr. Stevens and we rode around and could not find him, but I heard they found him later." The bill does not show circumstances under which this statement was made, the purpose of it nor the injury that it might have caused the party on trial.

Bill of exception number four complains of the introduction of the whiskey in evidence found by reason of "searching the car without a search warrant." The statement hereinabove made relative to the first bill applies to this one also.

Bill of exception number five complains of the argument of the prosecuting attorney in the following language:

"Counsel for defendant in his argument to you gentlemen said that defendant did not have this liquor for the purpose of sale, but had it to drink. Where is there any evidence that he had it to drink?"

The objection lodged to this is on the ground that it was a comment on the defendant's failure to testify. It will be noted that the statement by the prosecuting attorney quoted in the bill said that he was replying to the statement of defendant's counsel. Furthermore, the bill does not show that there were no other witnesses testifying to or who could have testified to the purpose for which the party on trial had the

whiskey. To the contrary it does show that appellant's attorney made this assertion. If he did so without any evidence on the subject, then it was clearly within the rights of the district attorney, if not in fact his duty, to ask the question as to where the evidence was found and certainly there could be no just grounds for complaint that he did so.

The judgment of the trial court is affirmed.