# OCTOBER 27, 1943

### JASPER FIELDS V. THE STATE.

No. 22566.   Delivered June 25, 1943.
Rehearing Granted October 27, 1943.

The opinion states the case.

*Cunningham, Boling & Cooke,* of Lubbock, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of the unlawful transportation of intoxicating liquor on a highway in this State, and by the jury assessed a fine of $100.00.

The testimony shows that one Jess Brewster, in the city of Post, Texas, hired appellant to take him in a car to Big Spring, and there Brewster purchased a case of whisky and six gallons of wine and placed the same in appellant's car. That on the way back, when in Garza County, the appellant and his passengers, there being Brewster and another, drank some of the liquor, and had a wreck with their car. Unfortunately for them, the sheriff of Garza County passed them at such time, and, seeing their wrecked condition, he turned around and came back to their car, and seeing some empty whisky bottles, he began to look around and found some tracks leading into a nearby pasture, following the tracks, he found 23 one-half pint bottles of Cream of Kentucky whisky and six gallons of wine, which were afterwards shown to have been in the wrecked car. This liquor he placed in his car and ordered the negroes to drive their car into Post; their car, however, becoming overheated, he told an unnamed negro to go get some water for it, and this person never returned. The other two negroes were taken to town, together with the liquor, and this cause resulted from such facts.

There were certain objections filed to the trial court's charge, which seemed to be based upon the proposition that this offense consisted of the possession of more than a quart of liquor before it would be a violation of the law to transport such liquor without a certain statement. It is to be borne in mind that this case was filed under the provisions set forth in Art. 666-27(a), Vernon's Annotated Penal Code, which says: "It shall be unlawful for any person to transport into this State or upon any public highway, street, or alley in this State any liquor unless the person accompanying or in charge of such shipment shall have present and available for exhibition and inspection, a written statement furnished and signed by the shipper, showing the name and address of the consignor and the consignee, the origin and destination of such shipment, and such other information as may be required by rule and regulation of the Board."

The prosecution is not for the possession of liquor for the purpose of sale, but merely for its transportation without there

being present a certain written statement, etc. See Fogle v. State, 111 S. W. (2d) 246.

The sole ground of defense is that it is not unlawful to transport liquor in this State unless more than a quart is thus transported. We do not think the statute is subject to such a construction. In any event we are aware that the facts herein do not authorize such a conclusion, defensive or otherwise. They show 23 one-half pints of whisky and six gallons of wine transported without such accompanying statement, and nowhere does anything further appear.

This being a misdemeanor, there was no charge asked herein relative to the fact of this liquor being transported only for the personal use of Brewster, and we are not here passing upon that proposition.

There being no error presented by the record, the judgment is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

The complaint charged appellant with transporting whisky "upon a public highway." On motion for rehearing, our attention has been directed to the fact that there is no proof in the case that appellant travelled upon a public highway. In fact, no reference is made to a road, street, or alley. Whatever construction it might be necessary to give to the statute as quoted in the original opinion, the quotation from the complaint is one of the essential averments. Inasmuch as it is necessary to allege it, the State also had the burden to prove it. In the absence of such proof, it becomes the duty of this court to grant the motion.

It is strenuously insisted that the statute does not apply to a carrier and that the prosecution will not lie as against this appellant. The facts show that he was acting with Jess Brewster, the owner of the whisky; that he helped him load it in his car; that he drank part of it and that he became a party in the crime with Jess Brewster as fully and completely as if he were a partner in the ownership.

The motion for rehearing is granted, the judgment of the trial court is reversed, and the cause remanded.