

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

March 18, 1947

Hon. H. H. Smith
County Attorney
Carson County
Panhandle, Texas

Opinion No. V-88

Re: Clarification of Article
666-27 (a), Vernon's Penal
Code, regarding transport-
ing alcoholic beverages.

Dear Sir:

Your letter of November 21, 1946, requesting the opin-
ion of this department on the questions stated therein reads in
part as follows:

". . .

"(a). To what class or classes of transport-
ers does subsection (a) of the aforesaid Article
666-27, Penal Code, apply? That is, does it apply
to public carriers, private carriers, or those trans-
porting for their own personal use, or to all trans-
porters alike?

"(b). Is it in violation of subsection (a) of
Article 666-27, Penal Code, for a person to trans-
port whiskey or other alcoholic beverage, for his
own personal consumption, from a place where the
sale thereof is legal to a place where the posses-
sion thereof is legal, without having in his pos-
session and available the statements required in
subsection (a), Article 666-27, above quoted?

"(c). Is there any limit as to the quantity of
whiskey or other alcoholic beverages which one might
transport before being required to have in his pos-
session and available the statements above referred
to? In other words, would the transportation of a
pint or a quart require the statement the same as
would a much larger quantity?"

Paragraph (a) of Article 666-27, Vernon's Penal Code,
provides:

"It shall be unlawful for any person to transport into this State or upon any public highway, street, or alley in this state any liquor unless the person accompanying or in charge of such ship- ment shall have present and available for exhibition and inspection, a written statement furnished and signed by the shipper, showing the name and address of the consignor and the consignee, the origin and destination of such shipment, and such other infor- mation as may be required by rule and regulation of the Board. It shall be the duty of the person in charge of this shipment while the same is being transported, to exhibit such written statement to the Board or any of its authorized representatives or to any peace officer making demand therefor, and it shall be unlawful for any person to fail or re- fuse to exhibit the same upon such demand. Such written statement shall be accepted by such repre- sentative or officer as prima facie evidence of the lawful right to transport such liquor." (Emphasis added.)

In regard to your question (a), we think that a cor- rect construction of Article 666-27 (a), Vernon's Penal Code, in view of the parts which have been emphasized, supra, is that the Legislature intended it to apply only to shipments or consign- ments of liquor. Thus we are of the opinion that this Article applies to common carriers, private carriers, or to any person who is transporting for another, and does not apply to a person who is transporting liquor for his own personal consumption. The language used in this Article precludes the possibility of its application to a person who is transporting such liquor for his own personal use, as in such case, there would obviously not be a "shipper," nor would there be a "consignor" or "consignee."

In answer to your question (c), regarding the quantity of whiskey or other alcoholic beverages which one might transport before being required to have in his possession the statement pro- vided for in Article 666-27 (a), Vernon's Penal Code, we wish to say that after a careful search of the authorities, we are of the opinion that, if there is a shipment or consignment as we have re- ferred to above, the provisions of this Article must be complied with regardless of the amount of liquor being so transported or shipped. In this connection, see Fields v. State, 174 S.W.(2d) 733, which was an appeal from a conviction for the unlawful trans- portation of intoxicating liquors on a highway under Article 666- 27 (a), Vernon's Penal Code. In this particular case, there was involved twenty-three one-half pint bottles of whiskey and six gallons

of wine, but the Court of Criminal Appeals in an opinion by Judge Graves, stated:

> "The sole ground of defense is that it is not unlawful to transport liquor in this State unless more than a quart is thus transported. We do not think the statute is subject to such construction . . . ."

The above comments would cause your question (b) to be answered in the negative. However, we call your attention to Article 666-4 (a), Vernon's Penal Code, which deals with unlawful transportation of liquor in a wet area without a permit, and to Article 666-4 (b), Vernon's Penal Code, dealing with the unlawful transportation of liquor in a dry area. Such sections provide as follows:

> "(a). It shall be unlawful for any person to manufacture, distill, brew, sell, possess for the purpose of sale, import into this state, export from the state, transport, distribute, warehouse, store, solicit orders for, take orders for, or for the purpose of sale to bottle, rectify, blend, treat, fortify, mix, or process any liquor in any wet area without first having procured a permit of the class required for such privilege."

> "(b). It shall be unlawful for any person in any dry area to manufacture, distill, brew, sell, possess for the purpose of sale, import into this State, export from the State, transport, distribute, warehouse, store solicit or take orders for, or for the purpose of sale to bottle, rectify, blend, treat, fortify, mix, or process any liquor, distilled spirits, whiskey, gin, brandy, wine, rum, beer or ale."

It will be noted that these two sections are equally applicable to common carriers, private carriers, a person transporting for another, and to a person who is transporting liquor for his own personal consumption. Therefore, it is unlawful for any carrier or person to transport liquor in a wet area without a permit, or under any circumstances in a dry area, unless the facts bring such transportation within one of the exceptions found under Article 666-23a, Vernon's Penal Code, which is deemed to be a defensive statute against the charge of unlawful transportation of liquor in violation of Article 666-4, Vernon's Penal Code. We quote the applicable sections of this Article as follows:

"(1). It is provided that any person who purchases alcoholic beverages for his own consumption may transport same from a place where the sale thereof is legal to a place where the possession thereof is legal."

". . ."

"(3). It is provided that it shall be lawful for the holders of Carrier's and Private Carrier's Permits to transport liquor from one wet area to another wet area where in the course of such transportation it is necessary or convenient to cross a dry area."

## SUMMARY

Article 666-27 (a), Vernon's Penal Code, applies only to shipments or consignments of liquor made by common carriers, private carriers, or a person transporting for another, and does not apply to an individual who is transporting such liquor for his own personal use. It is immaterial under this Article whether more than a quart is being so shipped or transported. (Fields v. State, 174 S.W.(2d) 733). However, paragraphs (a) and (b) of Article 666-4, Vernon's Penal Code, regulating transportation of liquor in dry and wet areas, are equally applicable to common carriers, private carriers, a person transporting for another, and to persons who are transporting for their own personal use.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

/S/ William S. Lott

WSL:rt:sl:em                    By

William S. Lott
Assistant

APPROVED MAR 20 1947

/S/ Price Daniel
ATTORNEY GENERAL OF TEXAS