## O. L. Chambless v. State.

No. 24137. November 10, 1948.
Rehearing Denied January 5, 1949.
Request for Leave to File Second Motion for Rehearing
Denied (Without Written Opinion) January 19, 1949.

*Wesson Bartlett* and *Vincent Ferrell,* Linden, for appellant.

*Ernest S. Goens,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The appeal is from a conviction for the unlawful possession of illicit alcoholic beverage, with a fine of $600.00.

The complaint charges that appellant had whisky in a container to which no stamp showing the payment of tax due the State of Texas was affixed.

On the trial it was shown that an inspector for the liquor control board received information, from what he considered a reliable source, that appellant had left Shreveport coming in the direction of Atlanta, Cass County, Texas, with a truck loaded with whisky. This information gave the number of the truck license and a description of the truck. Not knowing the time at which the truck would arrive, the witness proceeded within a few minutes to a point near the state line where he stopped appellant, told him that he was an inspector for the State Liquor Control Board, and asked where he lived. To this appellant gave his name, "* * * and stated he lived in Oklahoma City and that he was hauling whisky." The court sustained objection to this testimony. He let the witness testify that appellant permitted an inspection of his load and that he found an invoice for 140 cases of whisky. The accused was brought to Linden, the county seat, where a complaint was filed and he was placed under arrest. The whisky was examined and it revealed that there was no tax stamp affixed. The witness said, "I saw the invoice and it was invoiced from Shreveport, Louisiana."

During the cross-examination of the witness a photostatic copy of an invoice was exhibited to him, but he declined to identify it because it did not contain the identification marks placed on the original by the witness. The truck bore a Louisiana license and there is nothing in the invoice to show that appellant was an Oklahoma whisky dealer, or that the cargo was being transported to Oklahoma. To the contrary it said "Ship via Pick up." Notwithstanding the failure to identify the copy, the statement of facts shows that the court permitted its introduction in evidence, though it is not attached originally as a part of the statement of facts.

Considerable complaint is made because of the search of the whisky at Linden without a search warrant. In view of the admission of the appellant to the officer that he had whisky, and his exhibiting the invoice for 140 cases which he introduced into evidence, and the further statement of the witness that the accused "permitted an inspection of his load," there appears to be no ground for the complaint. Appellant introduced no evidence and the foregoing is a complete summary of the facts of the case as we find them in the record.

There are questions about the time in which the bills of

exception were filed, and also an effort to produce in this court the photostatic copy of the invoice which was not included in the statement of facts. We consider these questions immaterial and it is not necessary to discuss the irregularities. The invoice was not a bill of lading. It could not avail to raise the question discussed in the brief and argument about the status of interstate commerce shipment. There is no evidence that such was the case, even with the invoice. The indictment charges the possession of unstamped liquor in containers in Cass County. The evidence shows that fact and it is uncontradicted. We find no basis of support for the various questions raised by the bills of exception and the objections to the court's charge.

The judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Upon a closer inspection of this record, we find that the bills of exception were filed too late. It appears from the record that upon giving notice of appeal herein, the trial court allowed the appellant 30 days in which to prepare and file his bills of exception, and no further order relative thereto appears in the transcript. However, there appears in a supplemental transcript a statement by the trial judge that he intended to give appellant 60 days in which to prepare and file his bills of exception, and that through mistake he inserted the figures *30* instead of *60* days; that he actually granted appellant 60 days at the time that notice of appeal was given. We cannot allow the record to be corrected in this court as to what the trial judge intended to do. We can only take what the record shows that the court did actually do. This 30-day period expired on April 18th, and on May 6th thereafter the trial court attempted to extend the time for 30 days. This the court had no power to do, this order having been entered after the original 30 days had expired. See Art. 760, note 44, Vernon's C. C. P.

In Lynch v. State, 199 S. W. (2d) 172, it was held as follows:

"The trial judge could not grant an extension of an order granting defendant 50 days within which to file statement of facts and bills of exception, after the expiration of the 50 days."

Again, it is noted that the statement of facts is not signed and approved by the trial judge. This is necessary in order for same to be considered by us. See Lynch v. State, 199 S. W. (2d)

172; Walker v. State, 205 S. W. (2d) 369; Coleman v. State, 205 S. W. (2d) 371; Cueller v. State, 206 S. W. (2d) 251; and many other cases cited under Art. 760, C. C. P., Note 24.

Should we take into consideration appellant's bills of exception, which we do not do, we would still find ourselves without a properly approved and signed statement of facts, and therefore, are unable to properly appraise such bills.

We find ourselves in agreement with the original opinion herein wherein it is said that an invoice is not a permit to transport liquor. We held in Fogle v. State, 133 Tex. Cr. R. 312, 111 S. W. (2d) 246, that not only is it necessary that bills of lading evidencing ownership, etc., shall accompany liquor shipments, but also that a permit to thus transport liquor should be present at such time. Unquestionably, appellant does not claim to be a common carrier engaged in the transportation of goods for hire, and in his brief no such claim appears.

The recent case of A. R. Cartlidge et al v. Roy R. Rainey (168 Fed. Rep. (2d) 841), in an opinion handed down on June 30, 1948, in the U. S. Circuit Court of Appeals for the fifth circuit, is persuasive relative to the sufficiency of appellant's defense as presented in his brief.

We think this case was properly tried and we find ourselves in agreement with the original opinion herein. Therefore, the motion for a rehearing is overruled.