WILBERT F. BIGGS V. STATE.

No. 24845. June 23, 1950.
Motion for Rehearing Denied (Without Written
Opinion) October 11, 1950.

*Merrill & Scott,* Houston, for appellant.

*A. C. Winborn,* Criminal District Attorney, *E. T. Branch,* Assistant Criminal District Attorney, Houston, and *George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The appeal is from a conviction for theft with a fine of $100.00, and six months in jail.

The proceedings appear to be regular. There is no question about the sufficiency of the evidence. There is but one bill of exception. Appellant's very excellent brief says: "The lone question presented in defendant's bill of exception is the right of the officer to search the automobile of defendant." This is the condition of the record.

The state's attorney has called attention to the fact that the bill fails to show that the car belonged to the appellant. We call attention to Pedigo v. State, 143 Tex. Cr. R. 639, 160 S.W. 2d 963 and Chambless v. State, 153 Tex. Cr. R. 5, 216 S.W. 2d 203.

The officer arresting appellant testified without objection, "We arrested him and he told us he took the clothes. We arrested the defendant around midnight." As the record thus stands, the theft of the goods was admitted to the officers, the evidence was in without objection, and the testimony was undenied.

We have frequently held in search and seizure cases where the appellant took the witness stand in his own behalf and admitted possession of the liquor involved that an irregularity in the search could not then be availed of to reverse the case. The same rule should apply here. It will not be necessary, therefore, to consider further the argument presented in behalf of the appellant.

The judgment of the trial court is affirmed.