GRADY TERRELL v. THE STATE.

No. 20986. Delivered April 17, 1940.

The opinion states the case.

*Bennett & Bennett,* of Normangee, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is rape. The punishment assessed is confinement in the State penitentiary for a term of five years.

The State's testimony, briefly stated, shows that on the 18th day of July, 1938, while Allie Fay Mott was at home by herself, appellant came there and had two acts of sexual intercourse with her, she being then a few months past fourteen years of age. She made no report thereof to her father or mother until the 12th day of March, 1939, when her baby was born.

Appellant took the witness stand, denied that he ever had sexual intercourse with her and offered some evidence to the effect that she went to church and public meetings with boys. However, he and his witnesses admitted that in all instances she was accompanied by her folks and others. He failed to show any conduct on her part from which a conclusion might be drawn that she had ever, theretofore or since then, engaged in sexual intercourse with other men. It will be noted that whether the appellant or some other man was the father of her child was an issue of fact which the jury decided adversely to him.

Appellant's first complaint is that the trial court erred in overruling his motion to quash the indictment on the ground that the court, on the 24th day of April, 1939, called a special

term of the District Court in and for Madison County to continue for a period of three weeks. His reason for calling the special term was because the Legislature had a bill pending which would shorten the regular May term by two weeks and would not leave sufficient time in which to dispose of the cases on the docket of said court. In said order the court directed the clerk to issue process commanding the sheriff to summon the grand jury which had theretofore been regularly drawn for grand jury service for the regular May term to be and appear for service during such special term of court. It appears from the record that applicant was under bond, charged with the offense, to appear before the grand jury at the regular May term.

Art. 1920, R. C. S., provides as follows: "Whenever a district judge deems it advisible to hold a special term of the district court in any county in his district, such special term may be held; and such judge may convene such term at any time which may be fixed by him. Such district judge may appoint jury commissioners, who may select and draw grand and petit jurors in accordance with the law. Such jurors may be summoned to appear before such district court at such time as may be designated by the judge thereof. In the discretion of the district judge, a grand jury need not be drawn or empaneled. No new civil cases can be brought to a special term of the district court."

It is obvious from the foregoing statute that the Legislature made adequate provision for the appointment of jury commissioners to select grand and petit jurors for special terms of court. This provision of the statute, it seems to us, is as binding upon the court in calling and holding a special term as much as those articles of the statute relating to regular terms. There is no more reason for disregarding one than the other. In the case of Woolen v. State, 150 S. W. 1165, the District Judge had the jury commissioners to draw grand and petit jurors for the next three succeeding terms of court instead of only the next succeeding term as provided by statute. At the second succeeding term of said court the grand jury so drawn indicted Woolen. He moved to quash the indictment on the ground that the indictment was not the act of a regular constituted grand jury. The trial court overruled the motion and Woolen duly excepted. This court in passing upon the question said: "The manner of selecting grand and petit juries is left entirely to the legislative department, and article 2, sec. 1, of the Constitution, provides that neither of the three

departments shall ever invade the province and duties of the other."

The court further said: "Whenever the Legislature has provided the method and means by which a jury may or must be selected, the judiciary is not authorized, because of some idea they may entertain of expediency * * * to abrogate and set aside the plain provisions of statutory enactment."

It seems to us that if the Legislature had intended that trial courts may empanel a grand jury at a special term which was drawn at a preceding term for service at the next regular succeeding term of court, they might have said so instead of making provision for the appointment of jury commissioners at a special term to select grand and petit juries. Courts are required to follow the means and methods provided by the Legislature in the selection of grand and petit juries. They cannot any more disregard the mandatory provisions in this respect than in any other. We think that the rule announced by this court in the cases of Martinez v. State, 134 Tex. Cr. R. 180, and Dillard v. State, 134 Tex. Cr. R. 220, is somewhat analogous in principle to the question here under consideration.

Appellant was under bond to appear before the grand jury at the regular May term, at which time he might exercise his right of challenge as provided by Art. 358, C. C. P. In this instance, the order calling the special term is dated April 24, 1939, and on the same day, the court empaneled the grand jury, which had been drawn for the May term, to perform grand jury service for the special April term. It does not appear that appellant had any notice of the calling of the special term and that a grand jury would be empaneled. Consequently, he had no opportunity to challenge the array; he was deprived of that statutory right in the event the statutory grounds existed for the exercise thereof. We have read with much interest the case of Hickox v. State, 95 Tex. Cr. R. 173, as well as the opinion by Judge Hawkins, on a motion for rehearing in that case. It in effect holds that if appellant had shown in his motion to quash the indictment on any statutory grounds for challenge that his motion would have been timely. In this case the motion comes within the rule there announced.

Having reached the conclusion that the motion to quash the indictment should have been sustained, the judgment of the trial court is reversed and the prosecution ordered dismissed.

The foregoing opinion of the Commission of Appeals has

been examined by the Judges of the Court of Criminal Appeals and approved by the Court.