## ALEX LEVINESS V. STATE.

No. 24688. May 24, 1950.
State's Motion for Rehearing Denied June 21, 1950.

*Houston Thompson,* Silsbee, for appellant.

*Thomas J. Hightower,* District Attorney, Liberty, *R. A. Richardson,* County Attorney, *H. A. Coe,* Special Prosecutor, all of Kountze, and *George P. Blackburn,* State's Attorney, Austin for the state.

GRAVES, Judge.

Appellant was tried for the murder of Cloyce Eloise Twitchell and assessed the penalty of death upon his conviction therefor.

The testimony is clear and sufficient to show a wanton and brutal murder of this unfortunate woman, and it is unnecessary to go into the gruesome details thereof in the disposal of this cause.

Prior to May 12, 1949, there were three terms of the district court held in Hardin County, which was one of the counties comprising the 75th Judicial District of the state, these terms being the first Monday in January, the 19th Monday thereafter (which would be May 16th in this instance), and the 33rd Monday after such first Monday in January, the date being August 22nd in the year 1949. See Art. 199, Subdivision 75, Vernon's Revised Civil Statutes.

On May 12, 1949, four days before the time set for convening the second term in 1949 of the Hardin County District Court, House Bill No. 780 of the 51st Legislature of Texas, went into effect, which statute fixed two consecutive terms for such court, that provided for it to continue in practically a continuous session throughout the year. On May 14, 1949, the judge of such court entered an order in the criminal minutes of said court and thereby called a special session of such court to meet on May 16, 1949, to continue until the first Monday in September, 1949, such last-named date being the same as was provided for by House Bill No. 780, as the convening time for the second new term of said court.

At the session of such court on May 16, 1949, the grand jury for that date, having been drawn at the previous old regular term, was empaneled and sworn, and among other things, they found this indictment for murder against the appellant.

It is contended that such grand jury, by virtue of House Bill No. 780, was not a valid one for this special session of May 16, 1949, but was valid only for the term beginning the first Monday in September, 1949. This new statute reads in part as follows: "Section 3. All processes issued, bond and recognizances made and all grand and petit juries drawn before this Act takes effect shall be valid for and returnable to the next succeeding term of the District Courts of [each county] as herein fixed as though issued and served for such terms and returnable to and drawn for the same."

In other words, it is contended that there was no court in session on May 12, 1949, the day the new law went into effect; and no grand jury being ordered by the court at the same time

he called the special session of May 16, 1949, of the March term of said court, that the judge thereof could not utilize the grand jury previously drawn for the regular May 16th term of that court. By its terms, the act specifically provides that this grand jury shall be used for the next succeeding term which was to convene in September.

That the judge of such court could call as many special terms as he might see fit for the dispatch of business is plain from such House Bill No. 780, but his court not being in session on May 12, 1949, we think he could only call a special grand jury for his special session if he saw fit to do so, and could not utilize a grand jury already drawn for a term of court that had been superseded by a new statute effective since such grand jury had been drawn.

We think the term of court was a valid one, but that the utilization of a grand jury drawn in January prior to such special session was invalid; that this January-drawn grand jury, by reason of this new statute, was available only to the next succeeding term thereof, that being the September Term, 1949.

We are cited to the case of Womack v. Womack, 17 Texas, 1, as holding that under a law passed and approved on December 18, 1855, fixing the terms of holding the district court in Harrison County did not render invalid a term of said court held on December 24, 1855, said last-named date being a different date from that fixed by the statute of December 18, 1855, but was upon a date fixed by the prior statute. We note in the report of such case that thereafter on January 14, 1856, a supplemental act was passed by the legislature declaring that the original act should not be so construed as to prevent the judge from holding the fall term of the district court of Harrison County, as required by the law as it aforetime was. We think this supplemental statute places the Womack case, supra, in a different category from the present one. We find no such supplemental statute shown herein.

The question before us is not the validity of the May session of this court, but only the validity of utilizing the grand jury drawn at a previous term of said court. We repeat, such grand jury was usable only for the new court term in September, 1949, as provided by the Act, and not for the superseded old term of May 16, 1949. See Terrell v. State, 139 Tex. Cr. R. 130, 139 S.W. 2d 108; Art. 1920 R.C.S. 1925.

We express the opinion that the indictment herein found by this grand jury on July 5, 1949, was without authority of law, and should have been quashed. Thus believing, this judgment is reversed and the prosecution ordered dismissed.

ON STATE'S MOTION FOR REHEARING.

DAVIDSON, Judge.

In its motion for rehearing, supported by able oral presentation, the state insists that we erred in the conclusion reached originally.

In the light of that contention, the question has been again investigated. We remain convinced that the May 1949 session was a special session of the district court and, on account of the new statute, the grand jury drawn was usable only for the next succeeding new term of court in September, 1949.

Under such conclusion, it is apparent that the utilization of the previously drawn grand jury at the special session was unwarranted.

We can appreciate the difficult position the trial court was in when this question was presented to him upon the trial of the case. It must be remembered, however, that this situation arose by reason of the act of the legislature, which, being valid, must control.

The state's motion for rehearing is overruled.

Opinion approved by the court.