George P. Blackburn, State's Atty., of Austin, for the State.

HAWKINS, Presiding Judge.

Relator filed in this court an original application for a writ of habeas corpus, asserting that he was illegally confined in the penitentiary under a conviction upon a void indictment; claiming that he was indicted by the same grand jury which returned the indictment against Alex Leviness, which was held to have been returned by an illegal grand jury, and Leviness was ordered discharged from custody. See Leviness v. State, 230 S.W.2d 814.

The Clerk of this court was directed to transmit the application for the writ of habeas corpus to the District Judge of Hardin County, with instructions for him to set the matter down for hearing and ascertain whether it was a fact that the indictment in the case against the present relator was returned by the same grand jury that returned the indictment in the Leviness case. The Honorable Clyde E. Smith, District Judge of Hardin County certifies to this court that the same grand jury which returned the Leviness indictment also returned the indictment against the relator in the present case.

It is unnecessary to repeat what was said in holding that the grand jury which returned these indictments to have been an illegal grand jury, and the indictments void. The reasons appear fully in our discussion of the matter in the opinion in the Leviness case.

It follows that relator can not legally be held in the penitentiary in his conviction upon the invalid indictment, and that he should be discharged, and it is so ordered.

If Kellough has been reindicted, he should be returned to the authorities in Hardin County for procedure under the new indictment.

## DE DARDELBEN v. STATE.

### No. 25043.

Court of Criminal Appeals of Texas.
Dec. 20, 1950.

None on appeal for appellant.

A. C. Winborn, Cr. Dist. Atty., E. T. Branch, Asst. Cr. Dist. Atty., Houston, George P. Blackburn, State's Atty., of Austin, for the State.

DAVIDSON, Commissioner.

The offense is negligent homicide; the punishment, ninety days in jail.

No bills of exception or statement of facts appear in the record. Nothing is presented for review.

The judgment is affirmed.

Opinion approved by the court.