**The STATE of Texas, Appellant,**

v.

**Ronald Neil BROADDUS, Appellee.**

**Nos. 14–96–00512–CR, 14–96–00514–CR to 14–96–00517–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 28, 1997.

Jim Vollers, Austin, for appellant.

Gary L. McConnell, Angleton, Mike De-Geurin, Houston, for appellee.

Before LEE, AMIDEI and EDELMAN, JJ.

## OPINION

LEE, Justice.

The State of Texas appeals an order quashing five grand jury indictments charging appellee, Ronald Neil Broaddus, with official misconduct. *See* TEX. PENAL CODE ANN. § 36.08 (Vernon 1996). After finding the grand jury that issued the indictments was unlawfully impaneled, the trial court granted Broaddus's motion to quash the indictments. We affirm the judgment of the trial court.

### Background

In 1995, Broaddus was serving as County Commissioner of Brazoria County. During his term of office, an investigation was instituted to review allegations that Broaddus had engaged in official misconduct. To avoid conflicts of interests, the district court appointed a special prosecutor to coordinate the Broaddus investigation. *See* TEX.CODE CRIM. PROC. ANN. art. 2.07 (Vernon 1996). Although a grand jury was already impaneled for the district court's regular term, the court summoned jury commissioners to impanel a second, "special" grand jury to investigate Broaddus's activities.[1] This "special" grand jury returned five indictments against

---

**1.** Both sides agree that the special prosecutor asked the district court to impanel a "special" grand jury.

Broaddus, each alleging that he had illegally accepted gifts and benefits. TEX. PENAL CODE ANN. § 36.08(d) (Vernon 1996).

Broaddus moved to quash the indictments, claiming the district court had no authority to impanel a separate, "special" grand jury during the court's regular term.[2] After examining the text of Chapter 19 of the Texas Code of Criminal Procedure, the district court determined that the language reflected a legislative intent to limit district courts to impanel only one grand jury per regular term of court. Accordingly, the court granted Broaddus's motion to quash the indictments on the ground that the "special" grand jury was unlawfully impaneled.

### Analysis

In its sole point of error, the State claims the trial court erred in granting Broaddus's motion to quash the indictments. This is a case of first impression in which we must determine whether Chapter 19 of the Texas Code of Criminal Procedure, the statutory scheme governing grand jury impanelment, authorizes a district court to impanel two grand juries during a regular term of court. Neither party has directed our attention to Texas case law directly addressing this question.

The State, however, cites several cases it contends are analogous to the present case, including *Farrar v. State,* 162 Tex.Crim. 136, 277 S.W.2d 114 (1955). In *Farrar,* the court of criminal appeals considered whether *separate* district courts in a single county may contemporaneously impanel their own grand juries, and found that the Texas Constitution does not prohibit the impaneling of a grand jury in one district court while another was already seated in a second district court. *Id.* 277 S.W.2d at 116; *see also Hamman v. State,* 166 Tex.Crim. 349, 314 S.W.2d 301 (1958) (reaffirming the *Farrar* holding). However, the present case concerns whether

the *same* district court may lawfully impanel more than one grand jury during the court's regular term. *Farrar* and *Hamman* are simply not applicable to the case at bar.

The State also cites cases from other jurisdictions to support its position on appeal. In *State ex rel. Doerfler v. Price,* 101 Ohio St. 50, 128 N.E. 173 (1920), the Ohio Supreme Court considered the constitutionality of a statute which enabled the state's attorney general to impanel a grand jury at any time. Finding the statute was not unconstitutional, the court emphasized that the procedure for investigating "high crimes and misdemeanors" was "one for the discretion of the General Assembly." *Id.* 128 N.E. at 176. Similarly, in *People ex rel. Ferrill v. Graydon,* 333 Ill. 429, 164 N.E. 832 (1928), the Illinois Supreme Court held that a statute authorizing a court to impanel a "special" grand jury either before, after, or during the term of a "regular" grand jury was not unconstitutional. Importantly, the *Graydon* court noted that grand jury selection is a matter left entirely within the discretion of the legislature. *Id.* 164 N.E. at 835.

Unlike *Price* or *Graydon,* the issue in this case is not whether an enabling statute, expressly authorizing the court to take some action, is constitutional. To the contrary, the Texas Legislature has *not* expressly authorized a district court to impanel more than one grand jury during a regular term of court. *See* TEX.CODE CRIM. PROC. ANN. art. 19.01–19.41 (Vernon 1996). *Price* and *Graydon* are not applicable to the present case.

The State next contends that because Chapter 19 of the Texas Code of Criminal Procedure does not *explicitly preclude* a district court from impaneling more than one grand jury during its regular term, it is not unlawful to do so. In other words, the State argues that because the Code of Criminal Procedure is silent on the matter, it impliedly *authorizes* district courts to impanel more

---

**2.** The State contends that the denomination of the issuing grand jury is immaterial. We agree. Our conclusion does not depend upon whether the second grand jury is labeled a "special" grand jury or "grand jury B." Certainly, the grand jury that indicted Broaddus was not technically a "special" grand jury because it was not assembled pursuant to § 24.014 of the Texas

Government Code, during a "special" term of court. *Cf. Webb v. State,* 161 Tex.Crim. 442, 278 S.W.2d 158 (1955) (holding that a trial court in its regular term does not have the authority to call a special term to convene prior to final judgment of the regular term). Thus, any reference to the "special" grand jury is purely a means of distinction to avoid confusion.

than one grand jury during a regular term of court.

The weakest of all possible arguments regarding statutory interpretation is one based purely on silence. *Williams v. Anderson,* 850 S.W.2d 281, 284 (Tex.App.—Austin 1993, writ denied). The State has neither offered, nor have we found, any authority to suggest that because an enabling statute is silent as to some matter, such silence implicitly empowers a court to take action beyond that which is expressly authorized by the statute. We find the State's negative inference argument unpersuasive.[3]

■■■ We also refuse to infer that the language of Chapter 19 implicitly authorizes a district court to impanel more than one grand jury during the court's regular term. The legislature is never presumed to do a useless act. *Rodriguez v. State,* 879 S.W.2d 283, 286 (Tex.App.—Houston [14th Dist.] 1994, pet. ref'd). Indeed, "every word excluded from a statute must . . . be presumed to have been excluded for a purpose." *Cameron v. Terrell & Garrett, Inc.,* 618 S.W.2d 535, 540 (Tex.1981); *see also* 67 TEX. JUR. STATUTES, § 132 p. 736 (3rd ed.1989). "Only when it is necessary to give effect to the clear legislative intent can we insert additional words . . . into a statutory provision." *Cameron,* 618 S.W.2d at 540. It is not the duty of the reviewing court to supply omissions in the law. *See Central Educ. Agency v. Independent Sch. Dist. of El Paso,* 152 Tex. 56, 254 S.W.2d 357, 361 (1953); *City of Fort Worth v. Westchester House, Inc.,* 274 S.W.2d 732, 736 (Tex.Civ.App.—Fort Worth 1954, writ ref'd n.r.e.); *see also Shoppers World, Inc. v. State,* 373 S.W.2d 374, 377 (Tex.Civ.App.—San Antonio 1963), *aff'd,* 380 S.W.2d 107 (Tex.1964) (holding that courts may not legislate, particularly in criminal matters). A court "may impute an implication to a statute only when it is *obvious* that the legislature intended the implication and no other interpretation can be gathered from the statute as *written;* implications are never permitted if they will add to or contradict the statute." *Williams,* 850 S.W.2d at 284 (citing *Massachusetts v. United N. & S. Dev. Co.,* 140 Tex. 417, 168 S.W.2d 226, 229 (1942)).

To hold that Chapter 19 implicitly permits a court to impanel more than one grand jury per term would require this court to insert language into the statute; an action clearly prohibited by this state's laws and jurisprudence. *Central Educ. Agency,* 254 S.W.2d at 361; *Cameron,* 618 S.W.2d at 540; *Williams,* 850 S.W.2d at 284. Similarly, it would be inappropriate for us to infer that the express language of Chapter 19 authorizes district courts to impanel more than one grand jury during a regular term of court.

■■■ Having declined to infer meaning or insert words into Chapter 19, we must determine the legislature's intent by interpreting the chapter's existing language.[4] Statutory interpretation is a question of law, which we review *de novo. See City of Austin v. Quick,* 930 S.W.2d 678, 689 (Tex.App.—Austin 1996, no writ) (citing *City of Dallas v.*

---

**3.** The State attempts to bolster its argument by emphasizing that criminal courts possess inherent power to impanel a grand jury. This inherent authority, in itself, does not warrant the conclusion that a district court may impanel multiple grand juries during a regular term of court. The Texas Court of Criminal Appeals has held that the manner of selecting grand juries is left *entirely* to the legislature. *See Terrell v. State,* 139 Tex.Crim. 130, 139 S.W.2d 108, 109 (1940) (citing *Woolen v. State,* 68 Tex.Crim. 189, 150 S.W. 1165, 1166 (1912)). The court has also held:

> [C]ourts are not authorized to invade the legislative department and authority because in the opinion of the court legislation was neither wise, expedient, nor too costly. By the terms of the Constitution, the Legislature provides these matters, and whether they be expedient or not, wise or not, would not justify the courts

in setting aside such legislation and substituting such ideas of the court for the legislative act.

*Woolen,* 150 S.W. at 1167. Deferring to the legislature on this issue does not deprive courts of their constitutional power.

**4.** The State claims that this court should not engage in statutory interpretation because the statute is silent. In other words, there simply is no language interpret. However, courts may infer the particular intent of a statute from the fact that an act does *not* contain a certain provision. *State v. Kaiser,* 822 S.W.2d 697, 700 (Tex. App.—Fort Worth 1991, writ ref'd); *State v. Jones,* 570 S.W.2d 122, 123 (Tex.Civ.App.—Austin 1978, no pet.), *cited in Price v. State,* 866 S.W.2d 606, 617 (Tex.Crim.App.1993).

*Cornerstone Bank, N.A.,* 879 S.W.2d 264, 269 (Tex.App.—Dallas 1994, no writ)). Legislative intent remains the principle consideration of statutory interpretation. *See City of LaPorte v. Barfield,* 898 S.W.2d 288, 292 (Tex.1995); *Calvert v. Texas Pipe Line Co.,* 517 S.W.2d 777, 780 (Tex.1975). Basic rules of statutory interpretation require a court to look at the statute's literal language because it best indicates the legislature's intent at the time it enacted the statute. *Eldridge v. State,* 940 S.W.2d 646, 652 (Tex.Crim.App. 1996); *Boykin v. State,* 818 S.W.2d 782 (Tex. Crim.App.1991). If a statute's language clearly and unambiguously expresses the legislature's intent, a court may not apply the rules governing statutory construction. *Boykin,* 818 S.W.2d at 785. On the other hand, where a statute's language is unclear, a court may consider extra-textual factors to arrive at a reasonable construction. *State v. Edmond,* 933 S.W.2d 120, 124 (Tex.Crim.App. 1996).

In the present case, both sides present alternative interpretations of Chapter 19 to support their respective positions. By focusing on the legislature's repeated use of the word "the" throughout the statute, Broaddus claims that Chapter 19 reflects a legislative intent to limit a district court to only one grand jury per term. Conversely, the State argues the word "the" has no special numerical significance and simply refers back to "the" grand jury that has been selected.

▬ Both parties have presented equally plausible interpretations of Chapter 19 which suggests that an ambiguity exists as to the legislature's intent regarding the number of grand juries a district court may impanel during the court's regular term. However, when interpreting statutory language, a reviewing court must attempt to discern the fair, objective meaning of legislative text.

*Boykin,* 818 S.W.2d at 785. To this extent, "courts are responsible for giving a true and fair interpretation of the statute as written, which means an interpretation that is not forced or strained but one that the ordinary meaning of the words of the statute will fairly sanction and clearly sustain." *WTFO, Inc. v. Braithwaite,* 899 S.W.2d 709, 718 (Tex.App.—Dallas 1995, no writ) (citing *Railroad Comm'n v. Miller,* 434 S.W.2d 670, 672 (Tex.1968); *Schulz v. Schulz,* 478 S.W.2d 239, 242 (Tex.Civ.App.—Dallas 1972, no writ)). To evaluate the significance and meaning every time the word "the" is used in Chapter 19 is indeed a forced and difficult task. *See Braithwaite,* 899 S.W.2d at 718. After due consideration, we decline to adopt either parties' proposed interpretation of Chapter 19 and refuse to construe its express language as either authorizing or prohibiting a district court from impaneling more than one grand jury during a regular term of court.

▬ We find that the express language of Chapter 19 of the Texas Code of Criminal Procedure is not unclear or ambiguous but rather a detailed and comprehensive statutory scheme outlining the procedures for grand jury selection and functioning.[5] If the legislature had intended to empower a district court to impanel more than one grand jury during its regular term, we believe it would have made that intention clear. *See Martinez v. State,* 134 Tex.Crim. 180, 114 S.W.2d 874, 878 (1938) (holding that "[i]f the Legislature had intended to leave it discretionary with the trial judge to select his grand jury . . . it would have been a simple matter for it to have said so, but it would be quite a serious matter for this court to read into the statute something which was omitted by the lawmaking body."); *see also Terrell v. State,* 139 Tex.Crim. 130, 139 S.W.2d 108, 109 (1940) (holding that the control over the man-

**5.** Specifically, the chapter provides for the appointment of the grand jury commissioners to select prospective grand jurors, or, alternatively, permits the district judge to do so. *See* TEX.CODE CRIM. PROC. ANN. art. 19.01. Articles 19.02 through 19.06 stipulate the conditions under which the commissioners assemble the grand jury pool. Directions for summoning the pool appear in Articles 19.09 through 19.19. Article 19.08 lists the grand juror qualifications, and Articles 19.20 through 19.23 set forth the method for testing such qualifications. In Articles 19.24 through 19.26, the legislature discusses the final steps to impanelment, while Articles 19.27 and 19.30 through 19.33 address the method and resolution of challenges to the array or a particular juror. Rules for grand juror impanelment and subsequent operation appear in Articles 19.34 through 19.40. Finally, Article 19.07 permits extending a grand jury's term to complete the grand jury's business, and Article 19.41 discusses reassembling a discharged grand jury.

ner and means of grand jury selection belongs exclusively to the legislature). Absent any express statutory language or persuasive authority, we decline to hold that Chapter 19 authorizes a district court to impanel two grand juries during a regular term of court.[6] We find the grand jury that returned the indictments against Broaddus was unlawfully impaneled, and the trial court did not err in quashing the indictments.

Accordingly, the trial court's judgment is affirmed.

---

6. The State contends a finding that Chapter 19 does not authorize district courts to impanel more than one grand jury during a regular term of court interferes with a court's constitutional jurisdiction to hear criminal cases. We disagree. Our holding today does not erect a *per se* bar to a district court's ability to impanel more than one grand jury during a single term. Certainly, "a court may take a particular action ... if that action is authorized by constitutional provision, statute, or common law, or the power to take the action arises from an inherent or implied power." *State v. Johnson,* 821 S.W.2d 609 (Tex. Crim.App.1991). However, absent any evidence that the Texas Legislature has explicitly or implicitly authorized district courts to impanel more than one grand jury during a regular term of court, we cannot conclude the courts have any such authority.