The STATE of Texas

v.

Ronald Neil BROADDUS, Appellee.

Nos. 1458–97 to 1462–97.

Court of Criminal Appeals of Texas, En Banc.

Oct. 20, 1999.

**920**

Gary L. McConnell, Angleton, Mike De-Geurin, Houston, Lloyd D. Stansberry, Alvin, for appellant.

Jim Vollers, Special Prosecutor, Austin, Matthew Paul, State's Atty., Austin, for the State.

WOMACK, J., delivered the opinion of the Court, in which McCORMICK, P.J., MANSFIELD, KELLER, PRICE, HOLLAND, JOHNSON, and KEASLER, JJ., joined.

In these cases we decide that a district court is authorized to impanel more than one grand jury during a regular term of court.

A grand jury in Brazoria County presented five indictments against the appellee for official misconduct. Penal Code § 36.08. The trial court granted the appellee's motion to dismiss the indictments after finding that the grand jury which presented the indictments was unauthorized. The State appealed, and the Fourteenth Court of Appeals affirmed the trial court's dismissal. *State v. Broaddus*, 952 S.W.2d 598 (Tex.App.—Houston [14th Dist.] 1997). We granted the State's petition for discretionary review to determine whether a district court is authorized to impanel more than one grand jury during a regular term of court and whether a trial court errs in quashing indictments presented from a second grand jury impaneled during a regular term of court.

The appointed special prosecutor investigated the appellee for official misconduct. Although a grand jury had been impaneled by the district court during its regular term, the court impaneled another grand jury at the request of the special prosecutor.[1] After the indictments were presented, the appellee filed a motion to dismiss the indictments. The district court found that Chapter 19 of the Code of Criminal Procedure, dealing with the organization of grand juries, intended for only one grand jury to be impaneled during the regular term of a district court. As a result, the trial court found that the second grand jury was unlawfully impaneled and that the resulting indictments were not valid.

---

1. This second grand jury was called the "special" grand jury, though it was not impaneled pursuant to Government Code Section 24.014, which authorizes a district court to impanel a special grand jury during a special term of court.

The appellee argues that the Code of Criminal Procedure sets out the sole method and means for impaneling a grand jury. We agree. But there is no contention that the district court did not follow the proper manner and means for impaneling the second grand jury. Instead, the appellee challenges the propriety of impaneling more than one grand jury.

In *Farrar v. State,* 162 Tex.Crim. 136, 277 S.W.2d 114 (1955), this Court held that each district court within a county may impanel its own grand jury. In that case, two grand juries were impaneled by *different* district courts within the *same* county. One grand jury was held over, the other was a newly-impaneled grand jury. This Court said that, because the Code of Criminal Procedure authorized the two grand juries separately[2] and because there was no provision in the Texas Constitution prohibiting the impaneling of two grand juries within the same county, the second grand jury was lawfully impaneled. *Id.* at 138–39, 277 S.W.2d at 116. Although the Court in *Farrar* addressed a different aspect of impaneling grand juries, the basis of its holding is that, in the absence of a constitutional or statutory prohibition, the district courts' general authority to impanel grand juries was sufficient authority for their actions.

The appellee asks why the legislature would enact Government Code section 24.014 if it intended for district courts to impanel more than one grand jury during a regular term. The answer is that without section 24.014, a district court would have no authority to impanel a grand jury during a *special* term of court. This does not affect the district court's authority to impanel more than one grand jury, pursuant to Chapter 19 of the Code of Criminal Procedure, during a *regular* term of court.

Looking at Chapter 19 as a whole, we find little evidence of the legislature's in-

tent about this matter. The appellee finds significant the fact that the legislature frequently used the word "the" to refer to the grand jury. In response to this argument, the Court of Appeals said, "To evaluate the significance and meaning every time the word 'the' is used in Chapter 19 is indeed forced and difficult." *Broaddus,* 952 S.W.2d at 602. We agree.

We find persuasive the State's argument that the statutory authorization for a "hold-over" grand jury supports its position. Chapter 19 includes the following provision:

If prior to the expiration of the term for which the grand jury was impaneled, it is made to appear by a declaration of the foreman or of a majority of the grand jurors in open court, that the investigation by the grand jury of the matters before it cannot be concluded before the expiration of the term, the judge of the district court in which said grand jury was impaneled may, by the entry of an order on the minutes of said court, extend, from time to time, for the purpose of concluding the investigation of matters then before it, the period during which said grand jury shall sit, for not to exceed a total of ninety days after the expiration of the term for which it was impaneled, and all indictments pertaining thereto returned by the grand jury within said extended period shall be as valid as if returned before the expiration of the term. *The extension of the term of a grand jury under this article does not affect the provisions of Article 19.06 relating to the selection and summoning of grand jurors for each regularly scheduled term.*

Code of Criminal Procedure article 19.07 (emphasis added). The appellee's contention that it is not permissible to have more than one grand jury impaneled at the same time is inconsistent with this provision. The legislature conceived of at least one situation in which it would be necessary to

**2.** The two grand juries were authorized by the predecessors of Code of Criminal Procedure articles 19.07 and 19.13. *Farrar,* 162 Tex. Crim. at 139, 277 S.W.2d at 116.

have more than one grand jury operating at the same time.

In its opinion, the Court of Appeals noted that the legislature neither authorized nor prohibited a district court from impaneling more than one grand jury. The Court explained that it would not read an implied authorization into the statute. The language is not unclear or ambiguous, the Court said, and the legislature set out "a detailed and comprehensive statutory scheme outlining the procedures for grand jury selection and functioning." *Broaddus*, 952 S.W.2d at 602.

The Court of Appeals reasoned that because the statutes dealing with impaneling grand juries are so detailed, the legislature would have included express authorization to impanel more than one grand jury if that is what it intended. One could also argue that, because the statutes are so detailed, the legislature would have included an express prohibition, if that is what it intended.

The Court of Appeals also said that implying the authority to impanel more than one grand jury would require the court to insert language into the statute. Either interpretation—that the district court is authorized or prohibited from impaneling more than one grand jury—requires a deductive leap of the same distance.

■ The appellee and the Court of Appeals present no policy reason, apparent from the statutes, for prohibiting district courts from impaneling more than one grand jury during a regular term of court. The timely and efficient disposition of criminal cases however, is a persuasive reason to permit a district court to impanel more than one grand jury in the absence of a statutory prohibition.

■ The legislature's authority to make rules of procedure in criminal cases is undoubted. It has made rules for the organization and functioning of grand juries, just as it has made rules for the organization and functioning of trial juries, and for the assignment of additional judges. But the decision whether two grand juries are needed to carry the burden of work is for the judge, just as a judge decides whether two trial juries should be impaneled for the trial of two defendants,[3] or whether the assignment of an additional judge is necessary to dispose of the accumulated business of a court.[4] In the absence of a constitutional or legislative prohibition, the district court acted within its authority in impaneling a second grand jury.

In light of the foregoing, the State's grounds for review are sustained. The judgment of the Court of Appeals is reversed, and the case is remanded for proceedings consistent with this opinion.

MEYERS, J., concurs in the result.

---

**3.** The use of multiple juries to try more than one defendant is not widespread, but it presents an interesting solution to the problem of trying more than one defendant when evidence may be admissible against one defendant but inadmissible against another. *See generally* David Carl Minneman, Annotation, *Propriety of Use of Multiple Juries at Joint Trial of Multiple Defendants in State Criminal Prosecution*, 41 A.L.R.4th 1189 (1985). *See also* ABA Standards for Crim. Just. (2d ed.1980) commentary § 13–3.2 at 13–36.

Several district courts in Texas, including the 144 th District Court in Bexar County, are equipped with a second jury box for the purpose of using more than one jury in the trial of more than one defendant.

**4.** *See* Tex. Gov't Code § 74.052 ("Judges may be assigned in the manner provided by this chapter to hold court when necessary to dispose of accumulated business in the region.").