

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-12-00093-CR

_____

WILLIE LEE BROWN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 188th District Court
Gregg County, Texas
Trial Court No. 41,052-A

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

# MEMORANDUM OPINION

Willie Lee Brown entered into an open plea of guilty to driving while intoxicated (DWI), third or more. Brown appeals his conviction and sentence of three years' imprisonment on the grounds that the evidence was insufficient because (1) "no judgments of conviction were offered into evidence to prove the two prior" DWIs and (2) "there never was any signed waiver of the confrontation of witnesses as required by Art. 1.15, Tex. Code Crim. P." Finding that the plea admonishments and stipulation of evidence entered into by Brown disposes of these grounds, we affirm the trial court's judgment.

Article 1.15 of the Texas Code of Criminal Procedure states, in part, that "evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses." TEX. CODE CRIM. PROC. ANN. art. 1.15 (West 2005). "No trial court is authorized to render a conviction in a felony case, consistent with Article 1.15, based upon a plea of guilty 'without sufficient evidence to support the same.'" *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009) (quoting TEX. CODE CRIM. PROC. art. 1.15). "[T]he defendant may enter a sworn written statement, or may testify under oath in open court, specifically admitting his culpability or at least acknowledging generally that the allegations against him are in fact true and correct." *Id.* "[S]o long as such a judicial confession covers all of the elements of the charged offense, it will suffice to support the guilty plea." *Id.*

Brown argues that there was no consent "to waive the appearance, confrontation, and cross-examination of witnesses" in writing. TEX. CODE CRIM. PROC. ANN. art. 1.15. The record

2

demonstrates otherwise. Brown signed written plea admonishments[1] on the date of his plea stating, "Joined by my attorney, I waive and give up my right to a jury in this case under Art. 1.15 CCP., [sic] I waiver [sic] and give up the right to appearance, confrontation and cross-examination of the witnesses and I consent to oral and written stipulations of evidence." The "waiver of jury trial . . . and the stipulations of evidence pursuant to Art. 1.15 C.C.P." were approved in writing by the trial judge, Brown's counsel, and the State. During a hearing held on the waiver of a jury trial, Brown stated that he understood the import of this waiver, which had been explained to him by his attorney.

The State's indictment in this case listed the two predicate DWI offenses. Brown complains that no judgment convicting him of the underlying DWI was entered into evidence. However, Brown signed a written stipulation of evidence containing the following language: "I further state that I have read the indictment or information filed in this case and that I committed each and every allegation it contains. I am guilty of the offense alleged as well as all lesser offenses." A second stipulation of evidence, offered into evidence at the plea hearing, was also signed on the same date in which Brown's prior offenses were specifically listed by cause number and date of conviction. Once again, Brown admitted to being convicted of these predicate DWI offenses. This stipulation was signed and approved by the trial judge. A stipulation of evidence is a proper method of proving prior convictions. *Flowers v. State*, 220

---

[1] Brown argues that this waiver was insufficient to meet the requirements of Article 1.15 because it was listed under a section called "Written Plea Admonishments," and the failure of another "title or other designation to demarcate it as something different, ie, as a change to some other content or idea or concept, such as a consent to waive the appearance and confrontation of witnesses" rendered the waiver ineffective. Brown cites no authority for this proposition.

S.W.3d 919, 921–22 (Tex. Crim. App. 2007). At the plea hearing, Brown admitted that he "had some misdemeanor DWIs in the past."

We find that the requirements of Article 1.15 were met. Because judicial confession alone is sufficient to satisfy the requirements of Article 1.15, we find that the evidence was legally sufficient to sustain Brown's conviction. *See Menefee*, 287 S.W.3d at 13–15.

We affirm the trial court's judgment.


        Jack Carter
        Justice


Date Submitted:     March 18, 2013
Date Decided:       March 19, 2013

Do Not Publish